ADIN M. SPOONER, Administrator, etc., Respondent, *v.*
EBENEZER KEELER, Appellant.

Words spoken in reference to a judicial proceeding, charging a witness
with swearing to a lie, or swearing false in such proceeding, impute the
crime of perjury, and are actionable *per se ;* and in an action of slander
founded thereon it is not necessary for plaintiff to prove the pendency
of an action or proceeding before a court having jurisdiction, or that the
words were spoken in reference to material evidence given by plaintiff
therein.

In an action of slander the alleged slanderous words imputed to plaintiff
the crime of perjury. Defendant's answer alleged in substance that the
words were spoken in reference to a suit between the parties, before a
justice of the peace, in which plaintiff was sworn as a witness, and
"falsely deposed and gave evidence" that he made a certain contract
with defendant, when in fact no such contract was made; also, that said
evidence was material and pertinent to the issues. Upon the trial, defend-
ant offered to prove the facts set out in his answer, both as justification
and in mitigation of damages. The evidence was excluded. *Held*,
error; that the evidence was not proper in justification because the answer
omitted to aver knowledge on the part of plaintiff that his testimony
was false (LOTT, Ch. C., dissenting), but that it was competent in miti-
gation.

(Argued January 9, 1873; decided March term, 1873.)

* At the close of the January term the Commission ordered an addi-
tional term to be held the first Tuesday in March.

APPEAL from order of the General Term of the Supreme Court in the seventh judicial district, refusing a new trial, and directing judgment upon a verdict in favor of the plaintiff's intestate, James Gorton (by whom the action was commenced). After the appeal was taken, the original plaintiff died, and the action was continued in the name of his administrator.

The action was slander.

(In the statement and opinion, the intestate is referred to and intended when the term "plaintiff" is used.)

The complaint, after stating the pendency of an action between the plaintiff and defendant before Thomas S. Crosby, a justice of the peace, having full and competent jurisdiction, and after alleging that the plaintiff was duly sworn as a witness on his own behalf, on the trial of the issue joined in the action, and that he had given material and pertinent evidence upon such issue, further alleged that the defendant, in a discourse between him and the plaintiff, had, in the presence and hearing of divers persons, of and concerning the plaintiff, and the evidence given by him on the said trial, did falsely and maliciously speak the following words: "You swore to a * * * lie in that suit we had at Liberty. You swore to a * * * lie and I know it. You swore to a * * * lie at Liberty before Crosby. You swore false in that suit. You swore to a lie in that suit," and concluded with the averment that the defendant thereby meant to charge the plaintiff with the crime of perjury, to his damage. The complaint contained another count, charging similar slanderous words as having been spoken in a conversation with third persons.

The defendant's answer, after a general denial, contained the following:

"*Second.* For a second and further answer, the defendant alleges that before the speaking of the words alleged in the complaint, and on the third day of November, A. D. 1866, upon the trial of an action then pending before Thomas S. Crosby, Esq., a justice of the peace of the town of Cohocton,

in said county, between the said defendant Keeler as plaintiff, and the said James Gorton as defendant, James Gorton, the plaintiff in this action, appeared as a witness for and on his own behalf, and was then and there duly sworn by the said justice, and took oath to speak the truth, the whole truth, and nothing but the truth, touching and concerning the matters in question in the said issue.

"II. That the plaintiff, being so sworn, falsely deposed and gave evidence, among other things, that he, the said Gorton, agreed to work for the said Keeler, and that said Keeler agreed to pay said Gorton for said work five dollars per day; that said Keeler agreed to pay him said Gorton, five dollars per day for his work; that he agreed with the plaintiff at five dollars per day; that he (the plaintiff in this action meaning) agreed with the plaintiff (the defendant in this action meaning) at five dollars per day; that the defendant, Keeler, agreed and promised to pay to him, the said Gorton, for his work and labor, five dollars per day.

"III. That in truth and in fact he said Gorton never agreed to work for the said Keeler, when the said Keeler agreed to pay him five dollars per day for said work; the said Keeler never agreed to pay the said Gorton five dollars per day for his work; the said Gorton never agreed with the said Keeler at five dollars per day.

"IV. That the truth of the matters hereinbefore stated were material and pertinent to the issue there tried.

"V. That whatever the defendant said of and concerning the plaintiff at the time, and as alleged in the complaint in this action, had exclusive reference to the testimony given by the said plaintiff, on the trial of said action before the said justice, relating to the alleged agreement for five dollars per day for work, as above stated and set forth, and not other or different."

Upon the trial, proof of the speaking of the words charged in the complaint was given. When the plaintiff rested, defendant moved for a nonsuit on the grounds:

1st. That the plaintiff had not made out a cause of action.

2d. That the words spoken were not actionable *per se* without proof of the trial of an action in which the plaintiff had been sworn and testified as a witness. The court denied the nonsuit, and the defendant duly excepted.

The defendant then offered to prove the facts set out in his answer in justification of the words proven.

The plaintiff objected that the facts alleged were not sufficient to allow evidence in justification. The objection was sustained and the evidence was excluded, to which the defendant duly excepted.

The defendant then offered to prove the facts alleged in his answer in mitigation of damages. The plaintiff objected that the facts alleged were not competent in mitigation of damages. The objection was sustained, and the evidence was excluded, to which the defendant duly excepted.

The court charged, among other things, that the defendant charged the plaintiff with having sworn falsely upon the trial of an action between them at Liberty Corners. This implies perjury, and the cause of action is made out; the plaintiff has proven sufficient to make out his cause of action.

The defendant's counsel excepted to so much of the charge as stated that the charge of the defendant, that the plaintiff had sworn falsely, was actionable *per se*.

The jury found a verdict for the plaintiff for $100.

The exceptions were ordered to be heard in the first instance at General Term.

*George B. Bradley* for the appellant.

*Eugene Burlingame* for the respondent. The slanderous words, as alleged in the complaint and proved on the trial, are actionable *per se*. (*Power* v. *Price*, 16 Wend., 450; *Jacobs* v. *Fyler*, 3 Hill, 572; *Sherwood* v. *Chase*, 11 Wend., 38; *Kern* v. *Towsley*, 51 Barb., 386.) Defendant's evidence was not proper in justification, because the answer does not state that plaintiff corruptly and willfully swore false. (*Clark* v. *Dibble*, 16 Wend., 601; *McKimby* v. *Rob*, 20 J. R., 351;

*Tilson* v. *Clark*, 45 Barb., 178.) It was not proper in mitigation, because the answer omitted to aver that plaintiff knew his testimony was false. (*Dolevir* v. *Wilder*, 34 How. Pr., 488; *Bush* v. *Prosser*, 11 N. Y., 347; *Bisbey* v. *Shaw*, 12 id., 67; Town. on Slander and Libel, § 361.)

Lott, Ch. C. There was no error in the refusal of the court to nonsuit the plaintiff. Proof was given without objection that, in a conversation between the plaintiff and defendant, in the presence and hearing of other persons, relating to the evidence *generally* that had been given by the plaintiff in a suit between the parties in which he had sworn as a witness, and which was sufficiently referred to and designated as that before the justice of the peace named in the complaint, the principal or material words charged or set forth in the complaint were spoken of the plaintiff and of such evidence in that particular suit, and there can be no doubt that they were spoken under such circumstances that the persons who heard them must have understood them as imputing to him the crime of perjury, and that the defendant intended to charge him with that criminal offence.

Under such circumstances neither ground of the motion for nonsuit was well founded. The first was too general, merely stating "that the plaintiff had not made out a cause of action," without any specification or suggestion whatever to designate what material facts had not been established; and the second was specific, being limited to the single and only point "that the words proved were not actionable *per se*, *without proof* of the trial of an action in which the plaintiff had been sworn and testified as a witness." It assumed that there was *no* evidence of that fact. That assumption was unwarranted. It clearly appears from what has been already stated that there was *some* testimony tending to prove that fact; and conceding that it might have been objectionable, technically, for that purpose, on the ground that the record should have been produced, no objection as to its *character* or *quality*, or in any form as to its admissibility was made.

It must therefore be deemed competent, or at least such objection is not available on the present appeal as a ground for the reversal of the order appealed from.   Indeed, the counsel for the appellant, in his points, does not rely on the grounds upon which the nonsuit was asked on the trial.  · He now claims that " the words, proved to have been spoken by the defendant, were not actionable *per se ; "* adding, " to render them so, required proof of a trial before a court having jurisdiction, in which the plaintiff had given material evidence," and that "none of those facts appeared."   It is sufficient to say that no such claim was urged when his motion was made.   It will appear that it differs from the second ground to which I have referred in stating, in addition to what is there stated, that the trial must have been "before a court having jurisdiction," and also that "the plaintiff had given material evidence therein."   The facts as to which the proof is alleged to be defective, or rather as to which it is claimed there is no evidence, relate to matters which are in their nature, and are assumed in the objection to be, *susceptible of proof ;* and, if such objection had then been made, it is possible, if not probable, that the requisite testimony to obviate it could have been given.

The authorities cited by the counsel, assuming them to maintain the proposition or statement in his point, are inapplicable to the question raised by the motion for a nonsuit. It follows, from the views above expressed, that there was no error by the court in the denial of the motion that entitled the defendant to a new trial.

Assuming, then, that the plaintiff had shown a cause of action, the material question now to be considered is, whether · the court erred in excluding proof by the defendant of " the facts set out in his answer," either in justification of the words proven, or in mitigation of damages.   It was objected to as a justification, on the ground "that the facts alleged were not sufficient to allow evidence in justification."   The objection was sustained.   That was, I think, erroneous.   Conceding, for the purpose of considering the question in the

most favorable aspect for the plaintiff, that the answer did not aver, or state affirmatively in express terms, that he knew the testimony given by him, which was the subject-matter of the charge, was false, or that what was so testified to by him was willfully and corruptly false, and that the knowledge of such falsity was necessary to constitute the crime of perjury, that concession did not justify the exclusion of the proof offered, for the following reasons: 1st. The answer alleges that the testimony was given in an action in which the plaintiff and defendant were themselves parties, and in relation to an agreement which the plaintiff falsely testified that he entered into with the defendant, by which he, the plaintiff, agreed to work for him at five dollars per day, and that the defendant agreed to pay the plaintiff that price or compensation for such work. It then avers that no such agreement was in fact made; that the truth of the said matters was material and pertinent to the issue to be tried, and that what he, the defendant, said concerning the plaintiff had exclusive reference to such testimony. From this statement it appear that the facts which the defendant offered to prove related to a *personal transaction* between those parties, and which was necessarily within the *knowledge* of the plaintiff, and if false, as alleged in the answer, he must have *known* that it was so, and consequently the false oath will be assumed to have been willfully and deliberately made, and with a full consciousness of the nature of the statement. The *corrupt intention* in falsely making it is *prima facie* established by proof of its falsity, and it would have been incumbent on the plaintiff, if the defendant had proved, as he offered to do, "all the facts set out in his answer," to have overcome the presumption of such intention by showing that he had testified falsely through surprise, or inadvertency, or by mistake, or by some fact repelling it. (See Barb. Crim. Treatise, 189; 2 Chitty's Crim. Law, 312 c.)

The only ground on which it is claimed by the plaintiff's counsel in his points that the evidence offered was properly excluded as "not allowable in justification" is "because the

answer does not state that the plaintiff swore corruptly and willfully false. If intended as a justification of the words spoken, the answer must state facts which, if true, would make the plaintiff guilty of felonious false swearing;" that " the answer comes far short of that, by omitting to state that the plaintiff testified willfully and corruptly false, and that " a justification must always be as broad as the charge."

No other reason was assigned by the learned justice who gave the opinion in support of the ruling at the circuit. All that is said by him in relation to it is, that " the matter thus pleaded and offered to be proved was clearly insufficient as a justification, because it did not contain an averment that the plaintiff knew the testimony given by him to be false, or that he testified" (as the case states it) " correctly," but probably meant, " corruptly."

What I have above stated, in relation to the allegations in the answer, shows that it contains all the statements that are claimed by the counsel and the judge to be necessary. It follows, therefore, that the evidence was improperly excluded.

2. The ground on which the objection to the proof offered was based did not relate to its *sufficiency* as a justification on account of the omission to state any particular fact, but only that the facts alleged were not sufficient to *allow* evidence in justification. If it be held that the knowledge of the falsity of what the plaintiff testified to was not averred with such certainty and particularity as was requisite in the answer to show that he was guilty of perjury, and for that reason the testimony was not admissible, then it was incumbent on his counsel to have specified that omission or insufficiency, so that the defendant could have applied for an amendment of the pleading, and it is reasonable to assume that it would have been allowed. The defect, if it justified the exclusion of the proof, was one that could have been taken advantage of by demurrer; and if well taken, permission would, under the well-settled practice of the court, have been given to amend. It was, at most, an omission of *one* material allegation required, with those actually made, to consti-

tute the defence set up. It did not change substantially the defence. It was, therefore, a proper case for such amendment under section 173 of the Code. The objection, in this view of it, was not such as to warrant a refusal to admit the proof and thus deprive the defendant from the benefit of a full defence. The ruling of the court was, therefore, for the reason last presented, also erroneous.

If, however, it be conceded that the facts offered to be proved were inadmissible as a *justification* of the charge in the complaint, on the ground of the omission of an averment in the answer that the plaintiff knew that the testimony given by him was false, or that he swore corruptly and willfully false (and such is the opinion of my brethren), then they should have been admitted in mitigation of damages. The objection made to the offer of the proof for that purpose was not, because the answer was defective or insufficient in its allegations, and that for that reason the evidence could not be given; but the proof was objected to and excluded on the ground "that the facts alleged were not *competent* in mitigation of damages." This ground was not sufficient, and did not justify the exclusion. It is provided by section 165 of the Code that "the defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances." The effect of that provision was considered in *Bush* v. *Prosser* (11 N. Y., 347); *Bisbey* v. *Shaw* (12 id., 67); and in *Wachter* v. *Quenzer* (29 id., 547). Judge DENIO, in the last case, said, "the present doctrine is this: The defendant may set up a justification, or he may allege facts short of a full justification, but giving color to the charge by way of modification, or he may do both; and in either case he may prove the facts as they are, though they may fall short of a justification, and the jury may take them into consideration for the purpose of mitigating the damages."

In the case at bar, the facts alleged in the answer, assuming that they do not amount to a justification, show, as already

stated, that the testimony of the plaintiff was given in an action in which he and the defendant in the present suit were the parties, and that it related to a transaction between themselves, and of which they each had personal knowledge. The defendant understood it to be different from what the plaintiff stated it to be; and the circumstances, under which the defamatory words set forth in the complaint were spoken, were such as may have induced a belief by the defendant at the time, that the charge was true, and to show that he had good and sufficient reason for such belief. The evidence, therefore, tended to repel and overcome the legal presumption of malice that resulted and was implied from the charge itself; and the jury might well have found, from the facts alleged in the answer of the defendant, that the words complained of were spoken without actual malice, and under such circumstances as to entitle the plaintiff to nominal damages only, or at least to a smaller amount than he did in fact recover.

They were, therefore, under the rule or principle established in *Bush* v. *Prosser* and *Bisbey* v. *Shaw* (*supra*), admissible in mitigation of damages, and the judge erred in excluding them when offered for that purpose. In this view of the case my brethren concur. It follows that the order of the General Term refusing a new trial was, on that ground, erroneous. It must, therefore, be reversed, and the verdict must be set aside. But as a new trial cannot be had, by reason of the plaintiff's death, none will be ordered.

REYNOLDS, C. The slanderous words alleged to have been spoken by the defendant were, obviously, understood to have reference to the testimony of Gorton in a judicial proceeding, and to impute the crime of perjury; and, therefore, actionable *per se*.

Although the complaint alleged the pendency of a suit between the parties before a justice of the peace, and that the words were spoken in reference to evidence given on the trial of that issue, which was material to the result, the plain-

tiff was not bound to prove it. To show that it was immaterial, rested with the defendant. (*Jacobs* v. *Fyler*, 3 Hill, 572.)

The defendant averred in his answer that the words complained of were spoken with reference to the evidence of Gorton, in a suit pending between him and the defendant before a justice of the peace, which was material to the issue then to be tried. It is also alleged that Gorton "falsely deposed and gave evidence" on that trial to. an agreement between him and the defendant in respect to the price of labor, which, the answer avers, was not true. On the trial, the defendant proposed to prove the truth of his answer in justification, and this was rejected. He "then offered to prove the facts alleged in his answer in mitigation of damages." The plaintiff objected that "the facts alleged were not competent in mitigation of damages." The objection was sustained and the defendant duly excepted.

Without undertaking to show that the facts alleged in the answer would amount to a justification, or criticise the generality of the objection to the evidence in mitigation, it is difficult to perceive why the defendant, under the existing law, should not have been allowed to prove the facts alleged in his answer for the consideration of the jury in awarding damages. The slanderous words were spoken with reference to a suit between the parties, and the evidence given by Gorton on the trial, imputing, *per se*, the charge of perjury. Both parties agree that he was sworn on the trial, and gave evidence material to the issue. If he swore falsely he was apparently guilty of the crime of perjury, because it is obvious that he swore to facts that must have been within his personal knowledge; that is to say, a personal transaction between him and the defendant. The defendant distinctly avers that Gorton did, on that trial, falsely "depose and give evidence;" and, after stating what he did swear to, again denies its truth. If, therefore, the facts stated in the answer had been proved, it would have appeared that the parties had a suit before a justice of the peace; that Gorton was sworn on

the trial and gave material evidence, which was false. Indeed, all but the alleged falsity of the evidence is averred in the complaint. The case, then, comes to this: The plaintiff proves the speaking of words, imputing false swearing in a judicial proceeding, and is allowed to recover upon the presumption that the evidence was material to the issue to be tried, and true in point of fact. This is held to amount to a charge of perjury, and malice is implied. The defendant offers to prove the pendency of the suit—the evidence which Gorton gave on the trial—that it was material to the issue, and that it was false. If the presumption of malice arises against the defendant upon a charge of false swearing by the plaintiff in a judicial proceeding, it is very difficult to perceive why the defendant does not rebut the presumption by proving, as he offered to do in this case, that the plaintiff, in the very proceeding and evidence to which the alleged slanderous words referred, did in fact swear falsely. If, upon this proof, any question could be made as to whether a full justification was or was not made out upon the ground that the answer did not allege the false swearing to have been corrupt and willful, that question I shall not stop to consider. But it may be suggested that, as the alleged false testimony related to a fact necessarily within the plaintiff's personal knowledge, if it was shown to have been false, some presumption might have been indulged that his motives were not altogether pure and innocent. However that may be, it is impossible to see why the evidence should not have been received in mitigation of damages in the present condition of the law.

Under the system of pleading prevailing prior to the adoption of the Code of Procedure the defence of an action of libel or slander was a very perilous undertaking. If the defendant attempted to justify, by proving the truth of the words spoken, it was regarded as a reiteration of the charge and conclusive evidence of malice, and no evidence in mitigation could be received. If he failed to establish the truth of the charge the damages were aggravated. He might give

evidence in mitigation, but in that case he must admit the truth of the charge, and could give no evidence tending to prove the contrary. He could only give evidence to show that he had reason to believe the charge was true when made.

It was obviously intended by the Code to remedy this evil, and I think it has been done by section 165, as construed by the court of last resort. (*Bush* v. *Prosser*, 11 N. Y., 34; *Bisbey* v. *Shaw*, 12 id., 67; *Wachter* v. *Quenzer*, 29 id., 547, 551.)

I do not see why the defendant's answer is not sufficient as a pleading under the Code to enable the defendant to prove the facts alleged with such effect as the law allows. The proof of the truth of the words spoken would certainly tend to rebut the presumption of malice.

The order must be reversed.

All concur for reversal upon the ground that the evidence was competent under the answer in mitigation of damages.

Order reversed and verdict set aside.