ELIZA WILLOVER, Respondent, *v.* MARTHA HILL et al., Appellants.

In an action for slander, circumstances in mitigation must be set up in the answer in order to make evidence thereof admissible.

In an action for slander—for words alleged to have been spoken by defendant M.—the slanderous words were proved by S. to have been spoken in a certain conversation, which said witness testified was the first occasion when the plaintiff was the subject of conversation between her and M. M., as a witness in her own behalf, after being examined as to the alleged conversation, and as to subsequent conversations with S., was asked if S., at any of these conversations, brought reports to her as to what people had said about plaintiff and M.'s husband. This was objected to and excluded. *Held*, no error; that the evidence could be only available, if at all, in mitigation of damages, by showing provocation, and that M. was merely repeating a slander she had heard; that it could only be thus available by showing that these reports were brought to M. before she uttered the words charged, and the question should have been confined to a period preceding the slander; also, that it was incompetent because not set up in the answer.

The slanderous words charged illicit intercourse between plaintiff and defendant H., M.'s husband, while the former was in the employ of the latter as a servant. No justification was pleaded. Defendants offered to prove that, after plaintiff left their employ, and after she was aware that reports of such intimacy were in circulation, she was seen in the store of H. alone with him at 10 P. M.; also, that prior to the uttering of the alleged slander, these reports were in circulation; this was rejected. *Held*, no error; that the evidence was not competent in mitigation, as no offer was made to show that the fact of the meeting at the store was communicated to M. before she uttered the alleged slander; and that it was incompetent, either in justification or mitigation not having been pleaded.

(Argued December 3, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was for slander; for words alleged to have been spoken of plaintiff by defendant, Martha Hill, wife of George Hill, the other defendant, charging plaintiff with want of chastity and with illicit intercourse with said George Hill. The facts appear sufficiently in the opinion.

*A. Hadden,* for appellants. Defendant had a right to prove in mitigation of damages facts and circumstances which disprove malice, although they tended to establish the truth of the defamatory charge. (*Bush* v. *Prosser,* 11 N. Y., 347; *Bisbey* v. *Shaw,* 12 id., 67; Code, § 165.) Where in an action for slander the general issue only is pleaded, the defendant may show that the alleged slander was a privileged communication or give any other evidence to disaprove malice. (*Feroe* v. *Ruscoe,* 4 N. Y., 162.)

*M. J. Sunderlin,* for respondent. Evidence of any specific act of misconduct could not be given in mitigation of damages unless alleged as mitigating circumstance in the answer. (Townsend on Slander and Libel, 618, § 407; id., 561, 562, § 361; *Andrews* v. *Van Duzer,* 11 J. R., 38; *Gorton* v. *Keeler,* 51 Barb., 475; 51 N. Y., 527; *Bush* v- *Prosser,* 11 id., 347; *Bisbey* v. *Shaw,* 12 id., 67; *Wacther* v. *Zuenzer,* 29 id., 547; *Graham* v. *Stone,* 6 How., 15; *Van Benschotten* v. *Yaple,* 13 id., 97, 101.)

RAPALLO, J. The exceptions upon which a new trial is asked in this action, relate wholly to rulings of the Court in admitting and excluding testimony.

The alleged slanderous words are proved by one Lydia Smith, to have been spoken by the defendant Martha to the witness in a conversation which took place between them in March, 1874, and which the witness testified was the first occasion on which the plaintiff was the subject of conversation between her and Martha. That conversation was fully detailed on the trial, and no part of it was excluded. The defendant Martha was examined as a witness on her own behalf, and

denied the speaking of the words. She was examined as to the conversation at which they were alleged to have been spoken, and on cross-examination was also examined as to various subsequent conversations with Lydia Smith, and was then asked the following question : " At any of these interviews, did Mrs. Smith ever bring any reports to you about what people had said about Eliza being in the store with Mr. Hill alone ?" An objection by the plaintiff to this question was sustained.

This ruling was, we think, correct, for several reasons. First, because it was mere hearsay, which could only be available to the defendant, if at all, in mitigation of damages as showing provocation, and that the defendant was merely repeating a slander she had heard. But if it could be available for this purpose, it could only be so by showing that these reports were brought to the defendant before she uttered the words charged in the complaint. If afterwards, the evidence was clearly inadmissible. The question related in part, if not wholly, to interviews occurring after the slander, and for that reason was improper. To render it proper for any purpose, it should have been confined to a period preceding the slander. Secondly, we apprehend that in actions of this description, circumstances in mitigation must be set up in the answer, in order to be admissible in evidence. (Code, § 165; *Spooner* v. *Keeler*, 51 N. Y., 527; *Bush* v. *Prosser*, 11 N. Y., 347; *Bisbey* v. *Shaw*, 12 N. Y., 67; *Wachter* v. *Quenzer*, 29 N. Y. 547.) And although the answer in this case does set out mitigating circumstances, the one sought to be proved is not among them. It is claimed by the appellant that the evidence was proper, for the purpose of contradicting and impeaching Mrs. Smith. But it does not appear to have been offered for that purpose, nor had the necessary foundation been laid for its admission.

The next exceptions relied upon are to excluding a question to the witness Byron Sunderlin: " State whether you saw Mrs. Willover in the store with Mr. Hill after that time," and to rejecting the offer made in connection with that ques-

tion to prove by the witness that, after plaintiff left the employ of the defendants, and after she was aware that these reports were in circulation, she was seen in the store at ten o'clock at night, alone with Mr. Hill, having private conversation with him; and to prove, further, that prior to that time, and prior to the time of the alleged uttering of the slander, these reports were in circulation in the village.

There was no offer to prove that the fact of this meeting at the store at night had been communicated to Mrs. Hill before she uttered the alleged slander. On the contrary, the offer was only to show that reports unfavorable to the plaintiff were in circulation in the village before the alleged meeting took place. The evidence offered, therefore, could have no effect in mitigation of damages. If it tended to prove anything material, it was a justification, and none was pleaded. The evidence was subject to the further objection that no such circumstance as that attempted to be proved was pleaded, either in justification or mitigation.

The other exceptions are clearly untenable, and were not relied upon on the argument. We find no error for which the judgment should be reversed.

The judgment should be affirmed.

All concur, except CHURCH, Ch. J.. and ALLEN, J., absent.

Judgment affirmed.