DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

### January, 1879.

---

## ALLAN McLANE HAMILTON, Respondent, *v.* AMOS F. ENO, Appellant.

*Action for libel — when damages for wounded feelings allowable.*

Where, in an action for libel, injury to character has been proved, the suffering of the plaintiff by reason of his wounded feelings, and any injury to his character and standing either in his professional, public or private station, may be considered by the jury in awarding damages.

*Samuels* v. *Evening Mail Association* (6 Hun, 5–11), distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was for a libel. The plaintiff, an assistant inspector of the board of health, on or about October 19, 1874, made an official report to Dr. W. D. F. Day, sanitary superintendent, on the subject of street pavements, in which he "highly commended the pavement made and furnished by the Grahamite Pavement Company as a pavement of great excellency."

This report was published in the City Record on October 24, 1874. On February 11, 1875, the defendant wrote an article in

the form of a letter to the Tribune, in which he referred to, and commented upon, this report, and this article forms the occasion of this controversy. The article alleged that he had "thought it worth while to look outside of the district assigned him, and to write to his superior officer in the health board, a letter recommending the Grahamite pavement. This letter, it would appear, was written under the dictation of the Grahamite Pavement Company, or without a full inquiry into the merits of the subject. What object there was in the production of this letter it might be difficult to learn. It is understood that the stock of the Grahamite Company has been placed ' where it will do the most good,' and the name of at least one officer of the city government can be given, who, on taking official position, where it was supposed he might have to advocate or oppose this pavement, returned to the company stock which had been presented to him. When such an example is known, those who step aside from the strict line of duty, to advocate something outside of their proper official sphere, cannot feel aggrieved if their action is looked upon with suspicion."

The jury rendered a verdict for $3,000.

*G. De Forest Lord*, for the appellant.

*F. C. Barlow*, for the respondent.

Davis, P. J. :

We have examined this case and the numerous questions raised by the appellant's counsel in the course of its trial, with care, and have reached the conclusion that there are no grounds calling for our interference with the verdict or judgment.

The motion for a new trial, on the ground that the damages were excessive, was properly denied. The jury were justified, upon all the facts and circumstances of the case, in finding express malice, and were quite at liberty to award damages to the extent to which they were given.

In respect to the various requests to charge, it is not necessary to notice them in detail. Of course, the jury were at liberty to take into consideration all the facts and circumstances of the case in considering the question of damages, and a request to charge

that they were at liberty to do so would have been improperly refused. The request to charge, upon that subject, undertook to enumerate various facts and circumstances, but stopped far short of including the whole, and for that reason the court was not bound to adopt or charge it as requested. There is no conflict between this view and those expressed by the Court of Appeals in *Spooner* v. *Keeler* (51 N. Y., 527).

It was not held by this court in *Samuels* v. *Evening Mail Association* (6 Hun, 5–11), that a jury could not take into consideration, where a libel had been proved and injury to character shown, the sufferings of the plaintiff by reason of wounded feelings. The intimation of the opinion was intended simply to be that, in a case where no damage to character was proved, the mere fact that the plaintiff's feelings were wounded by an alleged libel was not alone sufficient to maintain the action ; and that is in accordance with the established rule that a libel addressed and delivered only to the plaintiff cannot be the basis of an action. In several cases where damages have been shown, the court have treated injury to feelings as a proper subject of consideration. (*Littlejohn* v. *Greeley*, 13 Abb., 59; *King* v. *Root*, 4 Wend., 139; *Fry* v. *Bennett*, 4 Duer, 257; *Swift* v. *Dickerman*, 31 Conn., 291, *et seq.*) Nor were the damages limited to injury to plaintiff in his professional capacity. He was entitled to recover for any injury to his character and standing which the jury believed him to have suffered either in his professional, public or private station.

We are of opinion that there is no just ground for interfering with the verdict or judgment, by reason of any of the exceptions taken in the case.

INGALLS, J., concurred.

Present — DAVIS, P. J. and INGALLS, J. ; BRADY. J. taking no part.

Judgment affirmed.