CHRISTINA HATFIELD, Respondent, *v.* FREDERICK LASHER, Appellant.

Facts proved in an action of slander in mitigation of damages must, to have that effect, have been known and believed by defendant at the time he uttered the slanderous words.

The provision of the Code (Code of Proc. 165; Code of Civil Proc. 535) authorizing proof of mitigating circumstances, notwithstanding defendant has pleaded or attempted to prove a justification, was intended simply to change the rule of pleading and not the effect or admissibility of evidence further than the change in the form of pleading did so.

In an action for slander plaintiff gave evidence tending to show that defendant accused her of having had a venereal disease. Evidence was given on the part of defendant tending to show improper intimacy between plaintiff and one W. Defendant offered proof that a son of plaintiff made statements at his, defendant's, house to the effect that W. had the disease spoken of. *Held,* that it was properly excluded, as it did not tend to prove the charge made to be true, or that defendant had information or had heard reports which should *per se* have led him to believe that they were true.

(Argued April 21, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This was an action for slander brought under the statute (chap. 219, Laws of 1871) for words alleged to have been spoken imputing unchastity to the plaintiff.

Defendant in his answer set up facts and circumstances tending to show the truth of the charge both in bar and in mitigation, and gave evidence on the trial tending to prove these facts and circumstances. The court in its charge instructed the jury as follows in reference to this evidence:

"In taking into account the weight which that evidence shall have, if true, you must take into account that in order to amount to mitigatory facts, they must have been known to the defendant at the time he uttered the charges." And again: "Mitigatory facts, in the eye of the law, are such facts and circumstances as would induce a person of ordinary understanding to believe the charges which he made to be true; and in order to operate as mitigatory facts, it must further appear that the facts which he spreads before you and asks you to take in mitigation were known to him at the time he made the charges; that he believed those facts and circumstances to be true, and relied upon them in making the charges."

To these portions of the charge the defendant's counsel excepted.

The complaint alleged and plaintiff gave evidence tending to show that defendant accused her of having had a venereal disease. Defendant gave evidence tending to show improper intimacy between her and one Whitbeck. He offered to show that a son of the plaintiff, then living with his mother, came to defendant's house and there made statements to the effect that Whitbeck had the disease spoken of. This was objected to and excluded. Defendant's counsel duly excepted.

*Samuel Hand* for appellant. The jury could take into consideration any evidence, although tending to prove the truth of the charge, in mitigation of the damages. (*Bisbey* v. *Shaw*, 12 N. Y. 67; *Distin* v. *Rose*, 69 id. 122; *Bush* v. *Prosser*, 11 id. 347; *Leicester* v. *Walter*, 2 Camp. 201; 11 Lord Raym. 717; *Wachter* v. *Quensee*, 29 N. Y. 551; ——

v. *Morse*, 1 M. & S. 284; note to 2 Starkie on Slander [Wendell's ed.], 88; Starkie on Slander, 97; *Wolcott* v. *Hall*, 6 Mass. 514; *Root* v. *King*, 7 Cow. 634; *Paddock* v. *Salisbury*, 2 id. 811; *Bodwell* v. *Swan*, 3 Pick. 376.) The court erred in rejecting the offer of the defendant to prove the declarations of plaintiff's son, made at the defendant's house, as to the disorder Whitbeck was afflicted with. (*Dolevin* v. *Wilder*, 34 How. 492; *Bush* v. *Prosser*, 11 N. Y. 347; *Cooper* v. *Barber*, 24 Wend. 105; *Gilman* v. *Lowell*, 8 id. 573; *Purple* v. *Horton*, 13 id. 9; Townsend on Slander, §§ 409, 411, 413; *Springstein* v. *Field*, Anthon, 185; *Shilling* v. *Carson*, 27 Md. 175; *Leister* v. *Root*, 2 Root [Conn.], 24; 2 Kent's Com. 26; *Taylor* v. *Church*, 8 N. Y. 452; Folkard's Starkie on Slander, § 714, note 2; *Cook* v. *Barkley*, 2 Pennington [N. J.], 177, 181.)

*William H. Johnson* for respondent. One who couches a slander in ambiguous terms cannot claim an indulgent construction of his words. (4 Wend. 320.) Facts to be taken in mitigation must be shown to have been known at the time the charges were made, and that those facts and circumstances were believed to be true and were relied upon in making the charges. (72 N. Y. 36; *Dolevin* v. *Wilder*, 7 Rob. 319; *Gorton* v. *Keeler*, 51 Barb. 475, 483, 484.) The defendant's answer cannot be regarded as justifying the charges contained in the complaint. (5 Wait's Actions and Defenses, 758; 19 Wend. 487; 20 id. 57; 28 How. 97.)

FOLGER, Ch. J. The court was right in charging that the facts which the defendant proved to mitigate the damages must, to have that effect, have been known to him and believed by him before he uttered the slanderous words. How do such facts operate to mitigate the damages? Not by showing thereby that the reputation of the plaintiff is so bad as that the words spoken by the defendant cannot make it worse. "It has long been settled in this State * * * that although evidence is admissible to prove the general character of the

plaintiff to be bad, yet that no mere reports or rumors, not amounting to proof of general character, nor information obtained by the defendant from others as to the truth of the charge, unless accompanied by proof that such information is true, can be received for the purpose of rebutting the presumption of malice. This necessarily reduces the defendant to the proof of facts and circumstances known to him at the time of making the charge, having a tendency to induce a belief of its truth, as the only means of showing a want of malice." (*Per* SELDEN, J., *Bush* v. *Prosser*, 11 N. Y. 347.) Such facts have effect by showing that the defendant was not malicious in the utterance of the disparaging words. But how could his intent in uttering those words be affected by those facts if he knew them not? The defendant is to be punished in damages for his evil intent in speaking the vituperative words. He undertakes to show absence of evil intent by showing that what he has spoken already existed in public rumor, or the speech of other people, or in facts that justly aroused suspicion that what he said was true. But public rumor, or speech of people, or suspicious facts, could not have moved upon his mind, if it was not knowing of them. If what he said was false and slanderous, and was said without knowledge or belief that it had ever been whispered before, or that it had an apparent authority from facts that existed, it was his own coinage and came from his purpose solely, which purpose the law implies was malicious; and so are the authorities in this State. In *Bush* v. *Prosser, supra,* SELDEN, J., says: " The defendant has a right to prove the absence of malice in mitigation of the verdict, and to do this it is indispensable to prove that he believed, and had some reason to believe, the charge to be true when it was made. There are but two conceivable modes of doing it: One by proving that he received such information from others as induced him to believe the charge to be true; the other by showing the existence of facts within his knowledge calculated to produce such a belief." In *Cooper* v. *Barber* (24 Wend. 105), BRONSON, J., says : " Facts and circumstances which tend to disprove malice, by showing that the defendant, though

mistaken, believed the charge true when it was made, may be given in evidence in mitigation of damages." (See, also, *Bisbey* v. *Shaw*, 12 N. Y. 67.) In *Willover* v. *Hill* (72 N. Y. 36), it was held that like·evidence was available to the defendant as showing a repetition of what has been heard, but that it could only be so by showing that the reports were brought to the defendant before the utterance of the slanderous words; and that without an offer to prove that facts had been communicated to the defendant before the slander was spoken, the facts could have no effect in mitigation of damages. The Code (§ 165, Old Code; § 535, New Code) was meant to change the rule of pleading, and not the effect or admissibility of evidence, further than the change in form of pleading did so. (*Spooner* v. *Keeler*, 51 N. Y. 527.) The point we are discussing was not in the last cited case, but the facts of it show that all that was alleged in the answer and was offered in evidence was known to the defendant and believed by him before he uttered the charge. The first codifiers, in their report (p. 156), indicate that they had in view a change in the rules of pleading only. The defendant has cited cases in which it was permitted to give in evidence in mitigation of damages that the specific act charged was done (*Smithies* v. *Harrison*, 1 Ld. Raym. 727), and that there were reports abroad that the plaintiff was guilty of practices like those charged (*Earl of Leicester* v. *Walter*, 2 Camp. 251; ———— v. *Moor*, 1 M. & S. 284); in the last two cases upon·the ground that a person of disparaged fame is not entitled to the same measure of damages as one whose character is unblemished, and that it was competent to show that by such evidence. Such is not the rule in this State. (*Root* v. *King*, 7 Cow. 629; *Gilman* v. *Lowell*, 8 Wend. 579, and *per* SELDEN, J., *supra*.)

It was clearly irrelevant to the issues to make proof that Whitbeck was affected in a way in which the defendant charged that the plaintiff was. It did not tend to prove that the charge was true; nor did it tend to prove that defendant had information, or had heard reports which should have, *per se*, led him to believe that it was true. To connect the statement that

Whitbeck was thus affected with the charge that the plaintiff was thus affected, and that a belief in the statement led to the making of the charge, there must have also been proof of statements of the illicit intercourse of Whitbeck with the plaintiff, and of the belief of the defendant in them. It was not so shown, nor offered to be. That the evidence was pertinent upon the question for the jury, to whom the defendant addressed certain language in the highway, was not presented to the trial court as a reason that it should have been received, and cannot now be urged as showing error in the rejection of it.

The other exceptions brought to our notice by the points do not show error.

The judgment should be affirmed.

All concur.

Judgment affirmed.