BATTELL *v.* WALLACE.

*(Circuit Court, S. D. New York. February 14, 1887.)*

1. LIBEL—ONE LIBEL DOES NOT JUSTIFY ANOTHER.
   A libel upon the plaintiff cannot be justified by a previous wholly independent libel upon the defendant; and the latter cannot even be given in evidence in mitigation of damages where any considerable interval has elapsed.[1]
2. SAME—PLEADING TRUTH IN JUSTIFICATION.
   Where the libel complained of is that defendant published that "the wretched idiot [meaning the plaintiff] set about to injure us [meaning defend-

[1] See Shattuc v. McArthur, 29 Fed. Rep. 136, and note.

ant] by trying to cast doubt upon some of the early pedigrees as they appeared in the register, [meaning defendant's book of pedigrees of horses,]" and defendant in his answer alleged in detail the instances in which the plaintiff had tried to cast doubts on the earlier pedigrees in defendant's register, *held*, that these allegations were in effect averments of the truth of the alleged libelous matter, and set forth the specific instances referred to in the general assertion. Such matter was competent, under Code Civil Proc. N. Y. §§ 535, 536, allowing defendant to prove mitigating circumstances, and facts not amounting to a complete defense, tending to mitigate or reduce plaintiff's damages, if the facts are set forth in the answer.

*D. McG. Means*, for plaintiff.
*B. F. Tracy*, for defendant.

BROWN, J. Without questioning the general principle invoked by the plaintiff that a libel upon the plaintiff cannot be justified by a previous wholly independent libel upon the defendant, and that the latter cannot even be given in evidence in mitigation of damages where any considerable interval has elapsed, I am not satisfied that the matter sought to be stricken out from the answer upon this motion is so independent of the libelous matter complained of and set forth in the complaint as to justify me in striking it out, or in holding that it could not possibly be given in evidence upon the trial. The complaint alleges that the defendant published, among other libelous matter, the following: "The wretched idiot [meaning the plaintiff] set about to injure us [meaning defendant] by trying to cast doubt upon some of the early pedigrees as they appeared in the register, [meaning defendant's said book of pedigrees of horses,]" etc.

The eleventh paragraph of the answer sought to be stricken out purports to be a statement in detail of the instances in which, as the defendant alleges, the plaintiff did, as the alleged libelous matter asserts, seek to cast doubts on the earlier pedigrees set forth in the defendant's register. In effect, it would seem to be an averment of the truth of the alleged libelous matter, setting forth the specific instances referred to in the general assertion. Under the Code this is proper to be pleaded either in justification or in mitigation of damages. Code Civil Proc. §§ 535, 536; *Hatfield* v. *Lasher*, 81 N. Y. 250; *Gould* v. *Weed*, 12 Wend. 12; *Willover* v. *Hill*, 72 N. Y. 36; *Fink* v. *Justh*, 14 Abb. Pr. (N. S.) 107; *Corning* v. *Corning*, 6 N. Y. 103; *Jeffras* v. *McKillop & S. Co.*, 2 Hun, 351.

Motion denied.