EMILY H. HATHORN, RESPONDENT, *v.* THE CONGRESS SPRING COMPANY, APPELLANT.

*Libel — pleadings of justification and in mitigation — rules as to.*

This action was brought to recover damages for a libel uttered by the defendant, charging the plaintiff with preparing water for analysis as the water of Hathorn Spring, by adding to the spring water fresh water and valuable salts. The words claimed to be libelous were alleged to be as follows: " In stating these the facts we do not intend to implicate the learned chemist who did not procure water himself (as he should) at the springs; who did not know how much fresh water was added to diminish the proportionate amount of the offending and gross salts to the water, or how much valuable salts were added before closing the bottles sent him.".

Upon an appeal from an order sustaining a demurrer to so much of the answer as alleged that " it is also true that the chemist referred to in said article did not procure the water himself from the waters of the spring as he should;

that he did not know how much (if any) fresh water was added to diminish the proportionate amount of offending iron and gross salts to the water, or how much, if any, valuable salts were added before closing the bottles sent him."

*Held*, that it should be affirmed, as the answer was defective as a justification, in that it was not as broad as the charge made, nor did it state facts tending to establish the truth of the alleged libel; and defective as a plea in mitigation of damages in that it did not state that it was pleaded as a partial defense, and in containing no statement of the facts which were to be proved to support the plea.

APPEAL from an order made at a Special Term, and entered in Saratoga county, sustaining a demurrer to the second count in the defendant's answer

No judgment has been entered upon the order sustaining the demurrer, the parties consenting on the argument to a decision upon the merits of the same, to have the same effect as if judgment had been entered upon said order.

*L. B. Pike*, for the appellant.

*Charles S. Lester*, for the respondent.

MAYHAM, J.:

The libel complained of in the complaint consists in charging the plaintiff with preparing water for analysis, as the water of Hathorn Spring, by adding fresh water and valuable salts thereto, and thus obtaining the analysis of different water from that produced by said spring and thereby deceiving the public and patrons of said spring. The words claimed by the plaintiff to be libelous are as follows : " In stating these facts we do not intend to implicate the learned chemist who did not procure the water himself (as he should), at the spring; who did not know how much fresh water was added to diminish the proportionate amount of the offending and gross salts to the water; or how much valuable salts were added before closing the bottles sent him."

The specific part of the answer to the above charge, which is contained in and constitutes a part of the second count to which this demurrer is interposed, is in the language following : " It is also true that the chemist refered to in said article did not procure the water himself from the waters of the spring as he should ; that he did not know how much (if any), fresh water was added to diminish the

proportionate amount of offending iron and gross salts to the water or how much, if any, valuable salts were added before closing the bottles sent him."

It will be seen that this answer is not an admission of the publication of the alleged libelous matter, and a justification on the ground that the allegation is true. It does not admit the words in the language of the charge, nor does it state facts and circumstances showing that the charge is true. It is not, therefore, good as a full justification. A justification in an answer must be as broad as the charge which it seeks to justify. (*Skinner* v. *Powers,* 1 Wend., 451.) And this rule does not seem to have been abrogated by the Code. (*Wachter* v. *Quenzer,* 29 N. Y., 552.) In this case DENIO, J., says: The Code "certainly does not allow a reiteration of the libelous words, and an averment that they are true, without the statement of a single fact showing them to be so. * * * A statement in the answer that the words are true would not be a justification, and it would fall just as far short of being a statement of facts to be proved by way of mitigation." It would, therefore, be insufficient in law upon its face to constitute a defense by way of justification of the charge, and as it is not alleged, in mitigation and contains no statement of facts which could be proved in mitigation of damages, it becomes the proper subject of demurrer under section 494 of the Code of Civil Procedure.

This count in the answer is defective as a justification, in not stating the particulars and facts tending to establish the truth of the alleged libelous words. Where the truth of the alleged libelous matter is intended to be relied upon as a defense, the particulars must be alleged, and a general allegation that all the statements are true is bad on demurrer. (*Wachter* v. *Quenzer,* 29 N. Y., 547; *Robinson* v. *Hatch,* 55 How., 55.) Nor can this allegation be upheld as an allegation in mitigation of damages, not having been pleaded as such.

It is true that facts tending to prove the truth of the charge may be pleaded and proved in mitigation of damages, but the circumstances in mitigation must be pleaded in order to be admissible in evidence. (Code of Pro., § 165; Code of Civil Pro., § 536; *Spooner* v. *Keeler,* 51 N. Y., 527.) Evidence of circumstances, in mitigation of damages, is inadmissible unless pleaded in mitigation. (*Willover* v.

*Hill,* 72 N. Y. 36.) We think the order of the Special Term sustaining the demurrer was right and should be affirmed, with costs.

The defendant should have leave to amend the answer on payment of costs.

LANDON, J. :

I concur in the result. As a justification the answer is defective in not stating the facts tending to establish the truth of the alleged libel. As matter in mitigation of damages, it is defective in not stating that it is pleaded as a partial defense. (Code Civil Pro., § 508.)

Since a defendant may set forth in his answer as many defenses as he has (§ 507), I do not think it necessary for a defendant to admit the publication of the libel in order to set forth the single defense of its truth.

LEARNED, P. J., and LANDON, J., concurred.

Order affirmed with costs, with leave to withdraw and answer over on term.