### MOREY *v.* MORNING JOURNAL ASS'N.

#### (*Supreme Court, General Term, Fifth Department.* June 23, 1888.)

1. LIBEL AND SLANDER—WORDS LIBELOUS PER SE—ACTION FOR BREACH OF PROMISE AGAINST A MARRIED MAN.

   A newspaper publication, charging that a breach of promise suit was about to be brought against plaintiff, is libelous *per se*, plaintiff being at the time, and for a number of years before having been, a married man with a family; and it is immaterial that the publication does not show him to be a married man, and that it does not appear to have been within defendant's knowledge.

2. SAME—MITIGATION OF DAMAGES—KNOWLEDGE OF DEFENDANT.

   In an action for publishing such libel, evidence that when the correspondent sent the item he had information that such an action had been brought, and where he obtained this information, and evidence that at that time such an action had been brought against another person of the same name as plaintiff, omitting the "Jr.," and that the correspondent had received information of that fact at the time of sending the article, is not admissible in mitigation of damages, in the absence of an offer to prove that such information had been communicated to the defendant otherwise than in the article sent to him.

Appeal from circuit court, Monroe county.

The action is for alleged libel, founded upon the publication, October 20, 1884, by the defendant in its newspaper published in the city of New York, the following, to-wit: "REFUSES TO BE RECONCILED. *A Rochester Society Belle Who Insists upon being Married.* (Special to the Morning Journal.) ROCHESTER, N. Y., October 19th. Upper-tendom is highly excited over a threatened breach of promise suit against John E. Morey, Jr., a stockholder

in the Union and Advertiser, and prominent in society circles. A prominent society belle will be plaintiff in the action. Morey and his friends are moving to effect a reconciliation, but the young lady insists on his marrying her." The plaintiff alleged in his complaint that at the time of the publication he was, and had for a long time been, a married man, having a family residing with him in the city of Rochester; and it appeared by the evidence that he had been so situated for about seven years preceding the time of the publication. The plaintiff recovered $1,000, and defendant appeals from the judgment and from the order denying a new trial on the minutes.

Argued before HAIGHT, BRADLEY, and DWIGHT, JJ.

*John M. Davy*, for appellant. *Thomas Raines*, for respondent.

BRADLEY, J. The charge contained in the publication was treated by the allegations of the complaint, and by the proofs on the part of the plaintiff, as libelous *per se*. The defendant's counsel, upon the ground that it was not so, moved to dismiss the complaint at the outset of the trial, and for a nonsuit at the close of the evidence on the part of the plaintiff, and took exceptions to the denial of the motions. It is quite apparent that a charge of the character of that in question against a married man would be an imputation not only of violation of his marital relation, but of a disregard by him of the recognized proprieties of society, which would tend to bring him into disrespect in the community where he resided and was known. And in view of the fact alleged and proved that the plaintiff was, and had been for a number of years, a married man, having a family, the article so published was a reflection on his character, which would tend to expose him to obloquy, ridicule, or disgrace, and therefore is presumed to be defamatory, and is libelous *per se*. It is, however, contended by the defendant's counsel that the fact that the plaintiff was a married man was not legitimately in the allegation of the complaint or in the proof, and objection and exception was taken to the reception of the evidence in that respect. And the reason to support this contention is that such fact is not in the article published, and that it does not appear to have been within the knowledge of the publisher of the defendant's newspaper. The complaint is not that the article was published of or concerning the plaintiff in his profession or business, but that the imputation is against him personally in his relation of citizen and member of society, and he seeks redress for its consequences against him in such relation. And they may depend upon or be materially affected by circumstances. The extrinsic fact that he was a married man was properly alleged and proved to give to the charge, or aggravate, its defamatory character, and, except as bearing upon the question of malice, knowledge on the part of the defendant of such fact has no essential importance. The apparent as well as the real relation was that of a married man, and a rule would be quite remarkable which should afford immunity to the publication of a charge the defamatory character of which depended upon such relation, unless the plaintiff should make it appear by evidence that the defendant had knowledge that he was a husband and head of a family. The cases cited do not support that proposition. In *Smith* v. *Ashley*, 11 Metc. 367, it was held that when the publisher believes the article published to be a fictitious narrative or fancy sketch, referring to no one, he is not liable, although the writer of the article may have intended to apply it to the party who brings the action; and it is a libel for which the writer would be liable to him. The effect of that holding was that where the nature of the article is such that the publication cannot be known to be defamatory by the publisher, he is not liable. And in a later case, in the same state, in which that case was cited by counsel, it was held that the publication of a libel is not excused by the publisher's ignorance that it contains libelous matter. *Curtis* v. *Mussey*, 6 Gray, 261. In *Caldwell* v. *Raymond*, 2 Abb. Pr. 193, the matter alleged as libelous and set out in the complaint imported nothing defamatory or anything which

could be characterized in any view as such, and there was no averment of the extrinsic fact which rendered it so.    The court, upon that ground, properly sustained the demurrer to the complaint, and then, citing *Smith* v. *Ashley*, proceeded to hold that it was necessary not only to allege, but to prove, knowledge of such extrinsic fact, and announced the proposition that the publisher is not liable "when he is not shown, and cannot be presumed to have known, that the article was intended to bear an injurious meaning." It is unnecessary to qualify that somewhat indefinite proposition, in its application to that case, for the purpose of the question under consideration in the case at bar. The fact that the plaintiff was a married man was patent, and apparently open to observation, and, as may be presumed, was within the common knowledge of the community where he resided.    Information of the fact, if not possessed by the publisher, required only reasonable care or diligence to furnish it, and, in view of the apparent import of the imputation against him as a married man, ignorance of such relation is justly attributable to negligence.    The exceptions before mentioned were not well taken.    The defendant, in an action for libel, may yet, as before the Code, without pleading them, prove circumstances tending to repel the presumption of malice in fact when they do not tend to prove the truth of the charge; and when they do so, they, since the Code, may, if pleaded, be proved by way of mitigation.    *Bush* v. *Prosser*, 11 N. Y. 347; *Willover* v. *Hill*, 72 N. Y. 36.    Upon the question of malice, the evidence of the retraction by the defendant was properly received.    *Samuels* v. *Association*, 6 Hun, 5.    But it is not seen how the comments contained in the issue of the Union and Advertiser, in which the retraction was published, were competent evidence, as it does not appear that the plaintiff had anything to do with their production or insertion in the paper, and his relation to that newspaper was not such as to afford the presumption that he had.    The published communication was sent to the defendant by its correspondent in Rochester, by whom, as a witness, the defendant offered to prove that when he prepared the article he had information that an action had been commenced by a woman against John E. Morey, Jr., for breach of promise; also, where he obtained this item of news, but did not propose to prove that this information was communicated to the defendant otherwise than in the article sent to and published by the defendant.    The evidence so offered was properly excluded, as the circumstances which induced the correspondent to furnish the article to the defendant unknown to the latter could not have influenced the publication by it.    It is therefore unnecessary to inquire whether the allegations in the answer were sufficient to justify the introduction of the evidence so offered, as may have been required if the offer had embraced the purpose to prove that such information so received by the correspondent had been given to the defendant.    The defendant's counsel offered to prove that, about the time and before the article was prepared by the correspondent, an action was commenced by a woman, named, against John E. Morey, for breach of promise; that the name of the defendant in the summons in that action was not John E. Morey, Jr.; that the action was afterwards settled; that this information was received by the correspondent before he sent the article to the defendant.    And to the exclusion of the evidence exception was taken.    This evidence was offered in mitigation, and there was no purpose indicated to prove that the defendant had any information of those facts at the time of the publication, and on that ground expressly stated the evidence was excluded by the court.    The purpose of evidence of mitigating circumstances is to disprove malice on the part of the defendant, and by that means mitigate the damages, which could not be pertinent for that purpose unless the action of the defendant, in making the publication, was to some extent in good faith influenced by knowledge of such circumstances.    *Hatfield* v. *Lasher*, 81 N. Y. 246.    This was a sufficient reason for the exclusion of the evidence, although the further objection that the matters which the defendant offered to prove were not alleged

in the answer may have been available. *Willover* v. *Hill*, 72 N. Y. 36. No other question seems to require consideration.

The judgment and order should be affirmed.

HAIGHT and DWIGHT, JJ., concur.