## WARD *v.* DEANE.

*(Supreme Court, General Term, Fifth Department.   June 20, 1890.)*

1. LIBEL AND SLANDER—EVIDENCE—MALICE.
   In an action for libel all of the separate publications prior to the commencement of the action that make the same charge, and relate to the same subject-matter, are admissible in evidence on the question of malice, though they are not all set out in the complaint.

2. SAME—CHARACTER—EVIDENCE.
   Testimony as to plaintiff's character is inadmissible, unless it was pleaded in mitigation of damages.

3. SAME—MEASURE OF DAMAGES.
   Mental anxiety, grief, and loss of society, resulting from the libelous publication, may be considered in estimating plaintiff's damage.

4. PARTIES—DEFECT OF—DEMURRER.
   Code Civil Proc. N. Y. § 488, provides that where the defect appears on the face of the complaint defendant may demur. Section 498 provides that where the defect does not so appear the objection may be taken by answer. Section 499 provides that an objection not taken by answer or demurrer is waived. *Held* that, where the complaint in an action for slander shows that plaintiff is a married woman, the objection that her husband should have been joined can be taken only by demurrer.

Appeal from circuit court, Chautauqua county.

Action for libel by Emily J. Ward against Benjamin S. Deane, editor of the Morning News of Jamestown, N. Y. Judgment for plaintiff. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*E. R. Bootey,* for appellant.   *F. W. Stevens,* for respondent.

CORLETT, J. In March, 1888, the defendant was the editor and publisher of the Morning News, a newspaper in the city of Jamestown, having a large circulation. The plaintiff is the wife of James H. Ward, to whom she was married in February, 1881. She resided with her husband in Schenectady until they moved to the city of Jamestown, in April, 1886, where they kept an art wall-paper and artists' supply store at No. 13 West Second street, in the new Allen block. Their residence was at No. 11 of the same block. The

family consisted of the plaintiff, her husband, and Ethel Claire Ward, her step-daughter, who at the time she went to Jamestown was 13 years of age. The plaintiff gave instructions in painting and drawing, for which she re- ceived compensation. On the 8th of March, 1888, an article was published in the defendant's newspaper, which was a morning issue, headed, "An Outrage." It was to the effect that the plaintiff had improperly treated her step-daughter in depriving her of society, proper schooling, and clothing, and beating her, subjecting her to drudgery and unreasonable labor, and also improperly treating her in other respects. It purported to be based upon information derived from reliable sources. Another article to the same effect was published in the same paper, in another column, on the same day. On the 9th of March another article was published headed, "A Bluff, Pure and Simple;" which was to the effect that the defendant had been threatened with a libel suit, and that it would not withdraw the first publications, the substantial accuracy of which were based upon reliable *data*. On the 12th of March another article was published, headed, "A Weakening Bluff," which contained a communication signed by the plaintiff and her husband, written by D. A. Barlow, the plaintiff's attorney, claiming great injury by the previous publications, and asking a withdrawal of the charges. After inserting this request, it stated, in substance, that the previous publications were well founded; that there would be no withdrawal or retraction; and that, if vindication was desired, resort must be had to the courts. On the morning of the 12th another article was published, entitled, "We are Seven," in which appeared a communication from seven ladies, stating, in substance, that the articles previously published were not well founded, and were unjust to the plaintiff, her husband and daughter. This communication was commented upon at some length, to the effect that the ladies labored under a misapprehension, and that the previous articles were well founded, and inflicted no injustice. The plaintiff brought an action to recover damages for libel. The complaint contains the first two articles in full, and a portion of those published on the 9th and 12th; but the one containing the letter from the ladies was not inserted in the complaint. The answer admitted the publications alleged in the complaint, denied malice, and justified.

The cause was tried in May, 1889, before the court and a jury, in Mayville, Chautauqua county. On the trial the first two articles were read in evidence. That of the 9th of March, headed, "An Outrage," was offered in evidence by the plaintiff. Its reception was objected to by the defendant because only a portion was set out in the complaint, and that it was not material to the issues. The objection was overruled, and the defendant excepted. The plaintiff also put in evidence the article entitled, "A Weakening Bluff," published on the 12th. The plaintiff offered in evidence the article headed, "We are Seven," which was objected to on the ground that it was not pertinent to the issues, was hearsay, and was not set out in the complaint. The objections were overruled, the articles admitted, and the defendant's counsel excepted. The plaintiff was sworn as a witness on her own behalf, and she was asked, "What was your condition of health immediately prior to the publication of these articles?" This was objected to by the defendant on the ground that it was not proper evidence, that no damage could be given for such a cause, and that the plaintiff was not the proper party to recover such damages. The objections were overruled, and the defendant's counsel excepted. The answer was, "I was able to work from day to day, which I did." The plaintiff's counsel then asked, "What was your condition of health after the publication of these articles?" to which the defendant objected on the same ground. She answered, "I was prostrated by the shame and disgrace brought upon me." The defendant asked to have the answers stricken out, which the court refused, and the defendant excepted. The plaintiff then rested, and the defendant moved for a dismissal of the complaint on the ground that the

cause of action was in favor of the husband, and that it should have been brought by him, and that he should be joined with the plaintiff; second, that the wife could not maintain the action as sole plaintiff; that the articles were not libelous *per se*. The court denied the motion, to which the defendant's counsel excepted. Various witnesses were sworn on the part of the defendant, their evidence tending to show improper treatment of the girl by the plaintiff. This was rebutted by witnesses on the part of the plaintiff, which included the girl. At the close of the evidence the defendant renewed his motion for the direction of a verdict on the same grounds. The court denied the motion. The defendant excepted. The defendant also asked the court to charge that the plaintiff could not recover damages on account of ill feeling, or grief in mind, or loss of society. The court refused, and the defendant excepted. The jury found a verdict of $475 for the plaintiff. No motion for a new trial was made, and the case comes before this court on exceptions.

The defendant contends that the court erred in admitting in evidence the articles not set out in full in the complaint; also the one, no part of which was inserted. All the articles were published before the commencement of this action, related to the same subject, and were substantially a repetition of the same charge. They were therefore admissible on the question of malice. *Fry* v. *Bennett*, 28 N. Y. 327; *Bush* v. *Prosser*, 11 N. Y. 360; *Distin* v. *Rose*, 69 N. Y. 124; *Bassil* v. *Elmore*, 65 Barb. 627; *Gott* v. *Pulsifer*, 122 Mass. 235.

The objection that the action could not be maintained without the joinder of the plaintiff's husband cannot be sustained. Section 488 of the Code of Civil Procedure provides that the defendant may demur where the defect appears upon the face of the complaint; and section 498 provides that, when such is not the case, the objection may be taken by answer. Section 499 provides that any objection not taken by answer or demurrer is waived. *DePuy* v. *Strong*, 37 N. Y. 372; *Straus* v. *Bank*, 36 Hun, 451; *Spooner* v. *Railroad Co.*, 115 N. Y. 22–30, 21 N. E. Rep. 696. The fact that the plaintiff was the wife of James H. Ward appeared on the face of the complaint, and, no objection having been taken by demurrer, it was not available on the trial.

The defendant's offer to prove the character of the plaintiff in the building in which she lived was properly excluded. It was only available by way of mitigating damages, and should have been pleaded; besides, it is not claimed that the matters sought to be proved were known or believed by the defendant before publication. *Hatfield* v. *Lasher*, 81 N. Y. 246; *Morey* v. *Association*, 1 N. Y. Supp. 475.

The defendant's counsel asked the court to charge that the plaintiff could not recover for mental anxiety, etc. This was refused, and the defendant's counsel excepted. The ruling of the trial court is sustained by the authorities. *Hamilton* v. *Eno*, 16 Hun, 599, affirmed 81 N. Y. 116.

The other exceptions have been examined, but require no special comment. No errors to the prejudice of the defendant were committed by the trial court, and the judgment must be affirmed. All concur.