Titus, J.
The question nere presented arises on an order made at the trial term directing a verdict for the defendant, and dismissing the complaint on the ground that the words used in the plaintiff’s complaint concerning the plaintiff are not libelous. The plaintiff is an attorney-at-law engaged in the practice of his profession in this city. The complaint alleges that the defendant maliciously composed and published a letter concerning the plaintiff to the National Temperance Society & Publication House of New York city, in which it was stated that W. H. H. Bartram and this plaintiff were conspiring together to swindle the defendant out of some money, “ and I do not think you would be a party to any such rascality if you knew it, and do not think the National Temperance Society can afford to take money not their due, under or through the help of blacklegs or scoundrels through false representations or swearing.”
On the opening of the plaintiff’s case the trial court directed a verdict in favor of the defendant, and ordered the exceptions to be heard, in the first instance, at the general term.
A libel is declared by the Penal Code, § 242, to be “ a malicious publication by writing, printing, picture, effigjr, sign, or otherwise than by mere speech, which exposes any living person * * * to hatred, contempt, ridicule, or obloquy, * * * or which has a tendency to injure any person * * * in his business or occupation.” Measured by this standard, it does not seem possible to escape the conclusion that the question should at *867 least have been submitted to the jury, whether the effect of the language was such as to bring it within the purview of the statute. The language used may be susceptible of an innocent construction, which it is well settled is for the jury to determine. Sanderson v. Caldwell, 45 N. Y., 398; Moore v. Francis, 121 id., 199 ; 30 N. Y. State Rep., 467.
If the words are meant to apply to the plaintiff, they certainly seem to have a “tendency to injure him in his business or occupation;” at all events, a jury may put such a construction upon them as would bring them within the statutory definition of libel. It was not necessary for the plaintiff, in his complaint, to set out extrinsic facts for the purpose of showing the application of the defamatory matter to the plaintiff, but he may state generally what was published concerning him, and if the allegation is controverted, he must establish it on the trial. Section 535, Code CivilProcedure.
In Byrnes v. Mathews, 12 N. Y. State Rep., 74, decided by this court, in which all of the judges took part and wrote opinions, the question of what constituted libel was so fully discussed and variously stated that it seems hardly necessary to repeat the arguments here. It is sufficient to say that while the words in that case did not charge the plaintiff with a criminal offense, it was the unanimous opinion of the court that the complaint was not demurrable and that the case would have to be submitted to the jury. The cases bearing upon the question were there collated and their application to the facts commented upon at great length, and from the rule there followed it is difficult to see how the conclusion can be escaped that the question must be submitted to the jury for determination.
We are, therefore, of the opinion that the verdict and order of the trial court must be set aside and a new trial ordered, with costs to abide the event of the action.
Hatch, J., concurs for reasons stated, and upon the authority of Morey v. Morning Journal Ass'n, 33 N. Y. State Rep., 49; S. C., 17 id., 266.
Beckwith, Ch. J., did not sit.