## ROBERT A. WILSON, Respondent, *v.* JOHN MIDDLETON, Appellant.

Since the 1st of July, 1851, if no case or bill of exceptions be annexed to the record, the Court can look only to the judgment roll.

A mere transcript of the evidence taken down by the clerk is no part of the record, unless made so by bill of exceptions, &c.

Vindictive damages may be given in a civil action for a personal injury, though the act be punishable by a criminal prosecution.

APPEAL from the Superior Court of the city of San Francisco.

Wilson sued Middleton for an assault and battery, laying the damages at $20,000.

The defendant answered, 1st. Denying the complaint. 2d. That the plaintiff had provoked the defendant by filing in the Probate Court a false and malicious affidavit, reflecting upon the defendant as administrator of Penalta.

On the trial, it appeared that the defendant had been fined for the assault and battery in question; and the defendant's counsel asked the Court to charge the jury that they had no right to award exemplary damages for a personal injury for which the law provided a punishment, by criminal prosecution; but the Court refused the instruction. The jury found a verdict for the plaintiff for $3000. It seems a motion for a new trial was made upon the affidavit of Middleton, that he had discovered, since the trial, that the plaintiff had been in the habit of feigning sickness, &c. The motion was overruled, and judgment rendered on the verdict April 18th, 1851. The appeal was taken July 18th, 1851, but no statement of facts or bill of exceptions was filed. The transcript contained the evidence given on the trial, and the affidavit in support of the motion for a new trial. The appeal was from the judgment generally.

*Botts* and *Emmett,* and *Dwinille,* for the appellant. 1st. The appeal is to be tried by the old, and not by the new statute. The new act, which took effect July 1st, 1851, provides that a statement of the case must be made and served within twenty days after the judgment appealed from; but as the twenty days had

already elapsed when the act took effect, to apply it to this case would give it a retrospective effect, and deprive the party of the benefit of both acts.  New Pract. Act, sects. 346, 648.  2d. The New Practice Act, p. 39, declares in what cases a party shall have a new trial, and the rule was the same at common law.  2 Salk. 273–5; 5 S. & R. 49.  One of the causes is, "accident or surprise, which ordinary prudence could not have guarded against." Evidence which the party could not reasonably anticipate, (in this case, sickness induced by the battery,) constitutes a surprise, and entitles him to a new trial.  Anderson v. George, 1 Bur. 352. Another ground of new trial is newly discovered evidence: and the new evidence in this case was material, tending to rebut the gist of the action.   3d. The affidavit of the party as to the newly discovered evidence is sufficient, and need not be accompanied by the affidavit of the witness, which would often be impossible, as the party applying for a new trial could not compel the witness to make his affidavit.  See Stats. 1850, ch. 20, sec. 255; and sec. 194 of New Pract. Act; Denn v. Morrell, 1 Hall's Superior C. R. 382; Hollingsworth v. Napier, 3 Caines' Rep. 186.   4th. The Court erred in refusing the instruction asked.

*R. A. Lockwood* for respondent.   1st. The appeal is from a final judgment taken since the 1st of July, 1851: and there being no case, nor any bill of exceptions, the "judgment roll" is the only record.  In that no error appears.  Stats. 1850.  2d. The record does not show that the new evidence was material, or that any evidence on that subject was given at the former trial.  3d. The affidavit of Middleton does not aver that he can prove any false pretences as to this transaction; but only alludes to transactions occurring years ago.  4th. The affidavit shows no diligence.  5th. Nor that the appellant might not have proved the pretended matters by other witnesses.  6th. A new trial will not be granted for newly discovered evidence merely contradicting the evidence at the former trial; but the new evidence must go to establish some new fact:—nor will it be granted on the ground that the party did not suspect certain evidence would be given, and was therefore surprised.  Halsey v. Watson, 1 Caines' Rep. 24; Steinbach v. Columbia Ins. Co., 2 Ib. 133; Hendrick v. Delafield, 2 Ib. 72; Hollingsworth v. Napier, 3 Ib. 186; Smith

*v.* Brush, 8 Johns. 85.    7th. The affidavits of the newly discovered witnesses should have been produced.    Webber *v.* Tres, 1 Tyler, 441, cited 3 U. S. Dig. 578.

Chief Justice LYONS delivered the opinion of the Court.    This is an appeal from a final judgment taken since the 1st of July, 1851, at which time the statute prescribing the mode of bringing up causes on appeal became the law.    No statement of the case containing the grounds on which the appellant relies for a reversal of the judgment of the Court below has been annexed to the record, but the judgment roll alone has been presented here. The latter disclosing no error, the judgment must be affirmed.

*Dwinille* for the appellants, filed a petition for rehearing, arguing against the exclusion of the affidavit, &c., from the record, at great length.

Feb. 11th.    Justice HEYDENFELDT delivered the opinion of the Court.    This case was tried in the Court below a sufficient time before the Practice Act of 1851 went into operation, to lead to the conclusion that the case was prepared under the act of 1850. It has, however, been held by this Court, in several cases, that a mere transcript of the evidence as taken down and reported by the clerk forms no part of the record, unless it be embodied in a case, or a bill of exceptions, and have the signature of the judge. A different rule might lead to great abuse in the preparation of exemplifications for the action of the Appellate Court.    But even were it otherwise, the decisions heretofore made must be regarded as a judicial construction of the act of 1850, from which we are not at liberty to depart.

The refusal of the judge to give the charge as requested, which appears in the record, and was signed by the judge, is in itself a bill of exceptions, *pro tanto*.    But it is so clear that there is no error either in that refusal, or in the refusal to grant the new trial on the affidavit of the defendant, that we are constrained to deny the motion for re-argument.