HENRY MILLARD, Respondent, v. EDWARD BROWN, Appellant.

In a case where the plaintiff may enhance the damages by showing circumstances of aggravation, the defendant may mitigate damages by showing circumstances of palliation.

It is error for the judge to charge the jury that they may give exemplary damages against the defendant, and yet refuse to permit the defendant to give evidence tending to exculpation.

It is not admissible to permit a medical witness to give an opinion in a case, where he has no means of ascertaining the facts in respect to which his opinion is asked.

APPEAL from judgment of General Term, affirming judgment for plaintiff, entered on the verdict of a jury.

The plaintiff's complaint contained two counts, substantially alike, charging the defendant with negligence, in wrongfully, unjustly and maliciously excavating a pit or hole in the public street running north and south through the village of York, Livingston county, and leaving it open, without fixing or placing any fence or guard around it, or any signal in the night-time, to denote or show that the same was there; in consequence of which, the plaintiff, while lawfully traveling along said street, in the night-time, accidentally fell in and injured himself, and became permanently crippled in body. The answer, after denying the allegations of the complaint, set forth that the excavation was made on his own land, for the purpose of building a store, which was unavoidably delayed; that he built a fence around the excavation, which was willfully thrown down by some malicious persons before the complainant fell in, but that he did not hear of it till after the injury.

The case states that the evidence on the part of the plaintiff tended to show that the defendant owned a building, used as a store, situated on the east line of the street; that there was a sidewalk in front of defendant's store, and that the excavation was between the defendant's store and the one next south of it, seven feet deep, extending across the sidewalk; that, after making the excavation, in the month of

May, 1854, the defendant guarded the same with a fence on the north, east and south sides thereof, which obstructed the sidewalk, and was soon after thrown down, and the same remained open until the happening of the injury, in November following; that the plaintiff, while lawfully passing along said sidewalk in the night-time, when the excavation could not be seen, fell in, and was severely injured and permanently crippled in his left arm. The defendant gave evidence tending to show that, in July or August, the fence and guard were thrown down, and that he had no knowledge that such guards were thrown down until after the accident.

The plaintiff gave evidence of the circumstances, nature and extent of the injury to his person, and of the bruises and contusions upon his arm and elbow, and of the effects thereof upon him since the accident. He then called as a witness Dr. A. F. McIntyre, who swore he had heard the evidence. The following question was then put to him, viz.: "From the evidence, what is your opinion upon the question whether his elbow was fractured?" This question was objected to, but the court allowed it to be answered. The witness answered, "Whether there was a fracture or not, I cannot judge from the evidence." The plaintiff then put the following question: "What would be the effect as to the permanency of the injury to the defendant's person?" This question was also objected to; but the court allowed it to be answered. The witness answered: "In a man of the age of this man, judging from his account; the bone of his elbow has either received a severe bruise or a fracture; in either case, my opinion is that he may recover mostly, but may never recover entirely."

The defendant then offered to show that he dug the hole for the purpose of putting up a building to be used as a store, the cellar of which was to extend under the sidewalk. This evidence was overruled, and the defendant's counsel excepted. The defendant then offered to show that the delay in putting up his building was unavoidable on account of certain legal proceedings to settle the boundary line between the defend-

ant and the next occupant. This evidence was excluded, and the defendant's counsel excepted.

In his charge to the jury, the judge informed them that, if the defendant owned the land, he had the right to make the excavation, subject to the right of the public to pass over the sidewalk; and that the right of passage was superior to the defendant's right to make the excavation.

In another part of his charge he told the jury that the defendant was bound to make the excavation secure against accidents of this description, and if the guards were thrown down to replace them; and it would not relieve him from responsibility because he did not know the guards were down.

Upon the question of damages, the judge instructed the jury that, in addition to giving the plaintiff an indemnity for the actual loss of time, and for his bodily pain, they might also add such an amount as they thought reasonable by way of exemplary damages, if they were satisfied, from the evidence, that the defendant had been guilty of gross negligence in leaving the cellar in an exposed and dangerous condition.

The jury returned a verdict of $700 damages.

The defendant having excepted to the charge in the respects above mentioned, the exceptions were ordered to be heard in the first instance at the General Term.

*Scott Lord*, for the appellant.

*G. F. Danforth*, for the respondent.

MORGAN, J.  It seems to have been assumed by the judge, in his charge to the jury, that the defendant excavated the cellar on his own premises for the purpose of erecting a store; and yet, on the trial, he excluded evidence tending to show that the excavation was lawfully made for that purpose. In this class of actions, where the right of the jury to give exemplary damages is conceded in a case of gross negligence or recklessness, it is always proper to inquire into the conduct of the defendant, so as to enable the jury to determine whether the case is one which calls for such damages.

If the plaintiff may enhance the damages by showing circumstances of aggravation, surely the defendant may give such evidence as he has, tending to explain the circumstances which are relied on to aggravate the damages.

It is believed that in cases of *tort* to the property, where there are no circumstances of aggravation, the rule of damages is the same as in cases of contract. When the injury is to the person, or character, or feeling, and the facts disclose fraud, malice, violence, cruelty or the like, damages may be given by way of punishment for the benefit of the community and as a restraint to the transgressor. (Mayne on Damages, 13 ; 92 Law Lib.)

In my opinion, the judge should have allowed the defendant to show the object of the excavation and the circumstances under which it had been left open for so long a time. This was proper evidence, to enable the jury to determine the character and degree of the defendant's negligence, and whether it called for exemplary damages.

I do not think the error of excluding the defendant's evidence was cured by the judge's charge. He told the jury that the defendant had the right to excavate where he did for building purposes, if he owned the land. But having excluded evidence tending to show that the defendant excavated the cellar upon his own premises for building purposes, the jury could not properly assume that the excavation was lawfully made for such a purpose. The delay from May to November was commented upon by the judge to the jury as furnishing evidence of gross negligence. The evidence to explain it should have been received, if the judge deemed such delay important as an element to enhance the damages. I am entirely satisfied with the rule laid down by the judge in respect to the duties of the defendant to make the excavation secure against accidents of this description, although I fail to understand precisely what is intended by the remark of the judge, that the right of passage was superior to the defendant's right to make the excavation.

In my opinion the judge erred in excluding the evidence offered to explain the circumstances under which the excava-

tion was made, as well as the delay that subsequently took place, notwithstanding his charge to the jury seemed to concede all, or nearly all, that could be claimed under the evidence.

The question put to the doctor, as to the effect of the injury, did not elicit much information, and was almost harmless in the result. It is very doubtful whether the question was admissible under any well-settled rule as to the admission of evidence of experts. The doctor had already answered that he did not know whether the elbow was fractured or not; and yet he is allowed to speculate as to the effect of a fracture which was not proved.

Such an opinion should be founded upon observation and examination of the injured limb, and the doctor should speak from his own observation, and not from a mere description of it by others who have seen it, without knowing whether it is fractured or not. But it is unnecessary to pass upon this point.

A point is made by the defendant that this is not a case for exemplary damages. That, doubtless, depends upon the circumstances under which the defendant is chargeable with negligence. Negligence is a relative term, and I do not consider it entirely correct to say in the abstract that it furnishes ground for additional damages. If the negligence is of such a character as to amount to misconduct or recklessness, then I think it right for the jury to give exemplary damages, otherwise not.

The judgment should be reversed and a new trial granted, costs to abide the event.

All the judges concurring in the result;

Judgment reversed.