By the Court.—Curtis, Ch. J.
The conductor and driver were the defendant’s agents and servants, to take charge of the car while on the road, and to their judgment, care and skill, the conveyance and safety of the passengers in defendant’s car was confided. As agents of the defendant, this duty should have been discharged by them with diligence, prudence and foresight. Where not only persons in business pursuits, but females, school children, and the aged and infirm are conveyed as passengers, the introduction into a car and seating among them by the conductor, of an intoxicated, quarrelsome, scratched, bloody, dirty, ragged man with Ms clothing unbuttoned in an indecent manner, is an offense against civilization, and unjustifiable, no matter how frequent may be its occur *10 rence. When such an act as this occurs at the request of the driver, and after a notice from the driver to the conductor, that a person of this description is not fitto ride on the front platform, that he is “ too full,” the want of care and judgment by the servants in discharging their duty for the protection and welfare of the passengers, is the more manifest and the more aggravated.
The evidence shows, that the plaintiff sustained the injuries of which he complains, from an unprovoked and aggravated assault, committed upon him by a drunken person of the description above referred to, who was introduced into the car, by the negligence and carelessness of the defendant’s servants, who were in charge of the car. There is no ground to set aside the verdict, as contrary to evidence.
The defendant asks to have the verdict set aside also for excessiveness of damages. It appears the plaintiff was struck several very severe blows, with both fists, in the face and mouth, that his eyes were blackened, his teeth loosened, his lips cut open, his nose injured, and that he was rendered unable to eat meat and had to have his food mashed and could not swallow comfortably for ten days. In my opinion the verdict is not excessive. It is not even compensatory for the pain and suffering, resulting from injuries of the nature shown to have been sustained by the plaintiff. What reputable business man would consider himself compensated by the receipt of the amount of this verdict, for the suffering necessarily incident to an assault of this character % Its amount, perhaps, arose from the very proper instructions of the court, in his charge cautioning the jury against giving excessive damages. But the question of setting aside the verdict for inadequateness of damages is not before us, and it is unnecessary to consider this matter.
The plaintiff testified to a conversation between *11 himself and the conductor after the assault, in which the conductor stated that the driver had told him “ to take charge of this man; that he was afraid something would happen ; that he was- afraid he might be quarrelsome, or he might fall off the car, that he was not in a state to take care of himself.”
The defendant excepted to the admission pf the conversation. These statements of the conductor were not made at the time of the act, so as to constitute a part of the res gestee, and as far as they are recitals of what the driver told him, are in the nature of hearsay evidence. In these respects they do not come within the rule where the statements and admissions of an agent or servant will bind the principal (Luby v. Hudson River R. R. Co., 17 N. Y. 131), and should have been excluded.
The court refused to charge, as the defendant requested, that the case was not one in which punitive or exemplary damages should be awarded. Thg defendant excepted to this refusal, and the exception is tenable. The master is only answerable in damages for the mere negligence of his servant to the extent of compensation for the injury received. Though the actual instructions to the jury, in the charge on the subject of damages, may have led to a more favorable result for the defendant than if the court had complied with the defendant’s request, yet such a result cannot necessarily be presumed; and it was the right of the defendant to have the legal measure of damages, in such a- case, charged by the court (35 N. Y. 301; 53 Id. 28 ; 56 Id. 45 ; Id. 295 ; 67 Id. 103).
The exceptions should be allowed, and the verdict set aside and a new trial ordered, with costs to abide the event.
Sanford, J., concurred.