FREDERICK BOETCHER *vs.* CHARLES STAPLES.

November 9, 1880.

**Exemplary Damages.**—The rule allowing exemplary or punitive damages applies as well to cases where the wrongful acts of defendant are within the law for the punishment of crimes, as to those where they are not.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial. The action was for damages for an aggravated assault and battery. The defendant excepted to an instruction that the jury, if they found that the assault and battery was wilful and malicious, were at liberty to allow exemplary or punitive damages, or not, as they saw fit; and that these could be allowed in addition to the real damages which the plaintiff has sustained. The jury found a verdict of $3,000 for plaintiff.

*J. N. & I. W. Castle*, for appellant, cited 2 Greenl. Ev. § 253; Field on Damages, § 28, note, §§ 73–77; *Fay* v. *Parker*, 53 N. H. 342; *Austin* v. *Wilson*, 4 Cush. 273, opinion of *Metcalf*, J.

*McCluer & Marsh*, for respondent.

GILFILLAN, C. J. It is fully settled by the decisions of this court that in actions for torts, where there has been fraud, malice or oppression on the part of the defendant, the jury may allow what are denominated exemplary or punitive damages—that is, damages beyond the mere pecuniary loss or injury to the plaintiff, and intended as in some measure a punishment upon the defendant for the wrong done, and as an example to deter others from similar acts. *Lynd* v. *Picket*, 7 Minn. 128, (184;) *Fox* v. *Stevens*, 13 Minn. 272; *Seeman* v. *Feency* 19 Minn. 79; *McCarthy* v. *Niskern*, 22 Minn. 90.

The rule, according to the great mass of authorities, applies as well where the wrongful acts of the defendant bring him within the law for punishing crimes, as where they are less aggravated in their character. The rule is so well estab-

lished that, whatever may be the abstract reasons for or against it, it must be adhered to till changed by the legislature.

Order affirmed.