TONY SMITH, APPELLANT, vs. BENJAMIN BAGWELL, AP-PELLEE.

1. It will not do to eliminate from the charge of the court to a jury a sentence connected with a paragraph upon the same question and except to that particular sentence ; the whole paragraph must be taken together and stand or fall by itself.

2. The court charged the jury that "words from one person to another will not justify an assault and battery :" *Held* sufficient, that it was not incumbent upon the court to use the word "merely" or "only" after "words" in the charge to make its language intelligible to the jury ; that the use of either of these words would not have strengthened or modified the charge, or given any new or other light to the jury.

3. Compensatory damages are defined as such as arise from actual and indirect pecuniary loss, mental suffering, value of time, actual expenses and bodily pain and suffering. Exemplary, vindictive or punitory damages are such as blend together the interests of society and of the aggrieved individual, and are not only a recompense to the sufferer but also a punishment to the offender and an example to the community.

4. An award of punitive or exemplary damages in an action for a wrong, also punishable as a criminal offence, is not in violation of that portion of the eighth provision of the Declaration of Rights, which provides that "no person shall be subject to be twice put in jeopardy for the same offence."

5. In actions of trespass for assault and battery a jury may inflict what are called exemplary, punitive or vindictive damages upon a defendant, having in view the enormity of his offence as well as a measure of compensation to the plaintiff.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*John E. Hartridge* for Appellant.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

This was an action brought by Bagwell against Smith for assault and battery. The cause was tried at the Duval Circuit in May, 1882, and the jury found for the plaintiff in the sum of three hundred dollars damages, besides costs. The defendant moved for a new trial, which was denied; he then brought his appeal from the judgment to this court.

The errors assigned are as follows:

1. The court erred in giving the second charge asked for by the plaintiff's counsel.

2. The court erred in giving the third charge asked by the plaintiff's counsel.

3. The court erred in refusing to give the first charge as requested by defendant's counsel, viz: that in actions for damages for torts, also punishable criminally, punitive or exemplary damages are not recoverable.

The court charged the jury that "a battery is an infliction of violence on the person of another." This is the second charge of the court, which is made the first ground of error in this case. It is true that such violence must be unlawful to make it such a battery as the plaintff could recover for, but the court had immediately before, and in the very sentence preceding the one so objected to, instructed the jury as follows: "If you find from the evi-

dence that the defendant *unlawfully* committed an assault and battery on the plaintiff, the plaintiff is entitled to a verdict for damages." It will not do to eliminate from the paragraphs of a charge a sentence and object to that; the whole paragraph must be taken together and stand or fail by itself. In connection with the preceding part of this charge we can see no error—the jury could not have been misled by it.

The third portion of the charge, which is the ground of the second alleged error, is as follows: "Words from one person to another will not justify an assault and battery." The counsel says this portion of the charge should have been qualified by the words "merely" or "only;" words merely, or words only. We cannot see how that would have changed the meaning of the language used by the court. *Words* have a definite meaning; they are not connected with acts. The use of the word "merely" or "only" in the connection suggested by counsel would not have strengthened or modified the charge, or given any new or or other light to the jury. It was not necessary for or incumbent upon the court to use either of those or any other word to make its language intelligible to the jury. The portion of the charge so excepted to was plain, explicit and to the point.

The last error assigned is that the court refused to charge "that in actions for damages for torts, also punishable criminally, punitive or exemplary damages are not recoverable." The court charged the jury upon the question of damages as follows: "If you find from the evidence that the defendant did commit assault and battery as alleged in the declaration, you may, in measuring the amount of damages, estimate the loss of time and labor from the time the assault and battery was committed, and the value of his services as proved; also expenses incurred for medical and

surgical attention, diminished capacity to work at his trade arising from injuries received by said assault and battery; and you may give him such compensatory damages in addition for the bodily pains and suffering arising from such injury as you may think the circumstances and the evidence will warrant." We see nothing wrong in this charge of the court. The damages which the jury were to assess against the plaintiff in case they found from the evidence that he had committed the battery alleged in the declaration were compensatory—such as would compensate him for his expenses, time and for bodily pains arising from the infliction of the injury. There was no intimation upon the part of the court in this charge that the jury could or should give punitive damages or damages in the nature of a punishment. There is nothing said whereby the jury could possibly be induced to take into consideration the malice of the plaintiff, the personal indignity, the wounded feelings or public example, all of which enter into punitive damages. The evidence shows that defendant committed an aggravated battery upon the plaintiff; that the defendant struck him several times over the head with an oakwood wagon spoke about two feet long; that from the effects of such beating he was laid up for two months; that plaintiff was a wheelwright; that a good wheelwright might get from $2.50 to $3 per day; that he still suffered from the blows he received on his arm and head. The surgeon who attended plaintiff testified that he found him suffering from scalp wounds and a bruised arm, caused by blows; that he treated the wounds in the head by adhesive plaster; one of the wounds he sewed up. The arm was badly bruised. Erysipelas followed, which gave him trouble. This is very often the result of blows on the head. He attended him for two weeks and his bill was $30. Upon this evidence, the jury, after consideration and after hear-

ing and seeing the witnesses and the parties, rendered their verdict.

The defendant's counsel insists that the court erred in not charging the jury that punitive or exemplary damages were not recoverable. Whether such instructions were or were not given in this case under the circumstances attending it, and the charge given as above quoted, is of no consequence. The jury evidently found only compensatory damages; that is, " loss of time and labor from the time the assault and battery was committed, and the value of his services as proved; also expenses incurred for medical and surgical attention, diminished capacity to work at his trade 'arising from injuries received by said assault and battery," and " compensatory damages for the bodily pains and suffering arising from such injury."

Bodily pain and suffering is a proper item of damages in such cases. " Nor is the estimate necessarily limited to the suffering which is past where the proof renders it reasonably certain that future pain and suffering is inevitable. In estimating the pecuniary loss in such cases all the consequences of the injury, future as well as past, are to be taken into consideration; and there seems to be no reason why a different rule should prevail in respect to bodily pain and suffering." Curtis vs. Rochester & Syracuse R. R. Co., 18 N. Y., 534; Ib., 20 Barb. Sup. C., 282; Ransom vs. N. Y. & Erie R. R., 15 N. Y., 415.

Compensatory damages are such as arise from actual and indirect pecuniary loss, mental suffering, value of time, actual expenses, and to these may be added bodily pain and suffering. Exemplary, vindictive or punitory damages are such as blend together the interests of society and of the aggrieved individual, and are not only a recompense to the sufferer but a punishment to the offender and an example to the community.

In this case the defendant was liable to be punished criminally for the assault and battery committed upon the plaintiff. Whether he was so punished by indictment and trial or not, we are not informed by anything in the record. The counsel for defendant below insists that to allow punitive or exemplary damages in an action of this character would be in contravention of the Constitution, which provides that no person shall be put twice in jeopardy for the same offence. We are aware that the rule in regard to such damages is different in the different States of this country, and that whether they can be legally awarded in any case is a question about which different and conflicting opinions have prevailed. In the case of Chiles vs. Drake, 2 Met., 146, Chief-Justice Simpson, speaking for the court, says: " It will hardly be contended that a plaintiff cannot recover vindictive damages in an action for an assault and battery committed with circumstances of aggravation, although the defendant might be indicted for the same offence. The recovery in the one case is for the private injury, and in the other the punishment is inflicted for the public wrong. Vindictive damages operate, it is true, by way of punishment, but they are allowed as compensatory for the private injury complained of in the action. They are allowed because the injury has been increased by the manner it was inflicted." " Every recovery for a personal injury, with or without vindictive damages, operates in some degree as a punishment, but it is a punishment which results from the redress of a private wrong, and does not therefore violate either the meaning or spirit of the Constitution." Again the court say: " Where the element of wilful negligence, malice or oppression intervenes, the law permits the jury to give what is termed punitory, vindictive or exemplary damages ; and such damages, although given to recompense the sufferer, do inflict a punishment

upon the offender. But such is the effect of every judgment for damages which is rendered in an action for an injury to the person, and there would be as much propriety in the argument that, as damages in such case always operate as a punishment, the offender, if the act is one for which he is liable to be indicted, will be thereby twice punished for the same offence, as there is that such an effect is produced where the damages are increased and made exemplary on account of the reckless conduct of the offending party."

The case of Brown vs. Swineford, 44 Wis., 282, was one in which an appeal was made to the court, as in this case, to exclude the rule of punitive or exemplary damages in actions of tort, punishable as crime, founded upon a clause in the Constitution of that State similar to our own providing that no person for the same offence shall be twice put in jeopardy of punishment. Ryan, C. J., says: "It would have been no subject of regret to the court if the obligation of the Constitution called upon it to abridge the application of the rule. But the court is unable to hold that the constitutional provision has any controlling bearing on the question. The Constitution only re-enacts what was the general if not literally universal rule at common law. (See authorities collected in 1 Bish. Crim. Law, Secs. 980–987.) The word *jeopardy* is therefore used in the Constitution in its defined, technical sense at the common law. And in this use it is applied only to strictly criminal prosecutions by indictment, information or otherwise."    *    *    *    " The whole purview of section eight plainly shows that the putting in jeopardy prohibited is confined to criminal prosecutions. Indeed, this is manifest in the clause itself, which is confined to the same *offence*, used in the same sense as criminal offence in the first clause of the section. Of course the same act may be an offence (in the sense of

crime) against the State and an offence (in the sense of a tort) against a private person.

" It is manifest that judgment for the one is not a bar to the other ; and it might be difficult in principle to hold a criminal conviction as a bar to the recovery of punitory damages in a civil action, and not a bar to the recovery of compensatory damages ; not a bar to any civil action. See Jacks vs. Bell, 3 C. & P., 316."

"The radical difficulty in the position of counsel appears to be that judgment for the criminal offence is for the offence against the public, judgment for the tort is for the offence against the private sufferer; that though punitory damages go in the right of the public for example, they do not go by way of public punishment, but by way of private damages, for the act as a tort and not as a crime, to the private sufferer and not to the State. Though they are allowed beyond compensation of the private sufferer, they still go to him for himself as damages allowed to him by law in addition to his actual damages ; like the double and treble damages sometimes allowed by statute. Considered as strictly punitory, the damages are for the punishment of the private tort, not of the public crime."

In the case of Hendrickson vs. Kingsbury, 21 Iowa, 380, the court in its opinion say : " The clear weight of authority is with the rule as laid down in Chiles vs. Drake, *supra ;* in substance that the damages allowed in a civil case by way of punishment have no necessary relation to the penalty incurred for the wrong done the public; but are called punitive damages by way of distinction from pecuniary damages, and to characterize them as a punishment for the wrong done to the individual. In this view, the awarding of punitive damages can in no just sense be said to be in conflict with the constitutional or common law in-

hibition against inflicting two punishments for the same offence."

In Boetcher vs. Staples, 27 Minn., 308, the court hold that in actions for torts, when there has been fraud, malice or oppression, the jury may allow exemplary or punitive damages, intended as in some measure a punishment upon the defendant for the wrong act done, and as an example to deter others from similar acts. In their opinion the court say : " The rule, according to the great mass of authorities, applies as well when the wrongful acts of the defendant bring him within the law for punishing crimes as when they are less aggravated in their character."

In Voltz vs. Blackmar, 64 N. Y., 440, the court say : " In vindictive actions, as they are sometimes termed, such as libel, assault and battery, and false imprisonment, the conduct and motive of the defendant is open to inquiry, with a view to the assessment of damages ; and if the defendant in committing the wrong complained of acted recklessly or wilfully and maliciously, with a design to oppress and injure the plaintiff, the jury in fixing the damages may disregard the rule of compensation, and beyond that may, as a punishment to the defendant and as a protection to society against a violation of personal rights and social order, award such additional damages as in their discretion they may deem proper." See also Kiff vs. Youmans, 27 N. Y., 123 ; Millard vs. Brown, 35 N. Y., 297 ; Hunt vs. Bennett, 19 N. Y., 173 ; Cook vs. Ellis, 6 Hill, 466.

In the case of Cole vs. Tucker, 6 Texas, 266, the court say : " Compensatory damages are given when the injury is not tainted with fraud, malice or wilful wrong ; but where either of these elements intervene another ingredient is added to the ordinary constituents of injury, viz : the sense of wrong and insult ; and damages are given as well for compensation to the sufferer as for the punishment of the

offender." The same rule prevails in California, Wilson vs. Middleton, 2 Cal., 54.

In Missouri it was held that in a civil action of assault and battery the plaintiff might recover exemplary damages, notwithstanding the defendant had been convicted and fined in a criminal prosecution for the same offence. Corwin vs. Walton, 18 Mo., 71.

In Hoadley vs. Watson, 45 Vt., 289, the court hold that " exemplary damages are not given in lieu of punishment. The fact that in a civil action founded on a criminal act the guilty party had been compelled to pay exemplary damages to the party injured on account of the act would be no bar to the prosecution in a criminal proceeding for the same act, nor to any part of the fine imposed by law upon such offences. Neither should the liability to, nor the actual imposition of a fine in a criminal proceeding, bar any portion of the liability in a civil action for the same act. * * * * The liability to both criminal punishment and to such damages as a jury may impose in a civil suit, is the consequence of any act that is criminal and also creates a civil liability." See Smith vs. Holcomb, 99 Mass., 552 ; Bixby vs. Dunlap, 114 Mass., 456.

In the Supreme Court of the United States this question has been examined and adjudicated. In Day vs. Woodworth, 13 How., 353, Mr. Justice Grier, speaking for the court, says : " It is a well established principle of the common law that in actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive or vindictive damages upon a defendant, having in view the enormity of his offence rather than the measure of compensation to the plaintiff. We are aware that the propriety of this doctrine has been questioned by some writers ; but if repeated judicial decisions for more than a century are to be received as the best exposition of what

the law is, the question will not admit of argument." P. W. & B. Railroad Co. vs. Quigley, 21 How., 213; Mil. & St. Paul Railroad Co. vs. Arms, *et al.*, 91 U. S., 489; Sedgwick on Measure of Dam., Vol. 2, 7th Ed., 323, and note.

This question has elicited much discussion and the books are full of it. The courts in some of the States have held to the doctine as contended for by the counsel for the appellant that in a civil action for a tort, punishable also criminally, punitive or exemplary damages cannot be given by the jury, and we have carefully examined all these authorities. The current of the decisions is in the contrary direction, and we can but hold that the court below did not err in refusing to give to the jury the instructions in this respect requested.

The judgment is affirmed.