### Effect of fraud where rights of creditors intervene.

Whenever the rights of other parties intervene, a contract to take shares, though induced by fraud, cannot be rescinded (Henderson *v.* Royal British Bk., 7 *El. & Bl.* 356; Dorsett *v.* Harding, 1 *C. B. N. S.* 524; Porvis *v.* Harding, *Id.* 533; Dainell *v.* Official Manager of Royal British Bk., 1 *H. & N.* 681; Reese, &c. Mining Co. *v.* Smith, *L. R.* 4 *H. L.* 65; Ætna Ins., &c. Co., 6 *Ir. Rep. Eq.* 298; McNeill's Case, *L. R.* 10 *Eq.* 503; Houldsworth *v.* City of Glasgow Bk., *L. R.* 5 *App. Cas.* 317).

---

## New York Supreme Court.

*Special Term—September*, 1883.

## THE PEOPLE *ex rel.* ARTHUR M. SANDERS, RECEIVER, &c., *against* DAVID McADAM, JUSTICE OF THE CITY COURT OF NEW YORK.

Where a party makes a motion which is denied, afterward obtains leave to renew, and under such permission does renew the application can neither appeal from the first order denying the application nor can he compel a re-settlement thereof.

Receiver's course to reach trust fund, *note.*

This was an application for a mandamus to compel Mr. Justice McADAM to re-settle an order made by him denying an application made by the relator. The justice declined to re-settle the order, on the ground that a re-argument of the application had been ordered, and that the relator had availed himself of such re-argument. These facts were conceded.

*Joseph Wamsley,* for relator.

*A. C. Anderson,* for respondent.—The rule is settled that a party cannot appeal from an order denying a motion with leave to renew, and at the same time avail himself of the privilege extended to him by the offer, as the acceptance of the privilege to renew the motion is the waiver of the right to appeal (Noble *v.* Prescott, 4 *E. D. Smith,* 139 ; Peel *v.* Elliott, 16 *How. Pr.* 483). The same principle governs this application. The relator obtained a re-argument, and because unsuccessful thereon, now seeks to re-settle the original order.

DONOHUE, J., after hearing argument pro and con, denied the application with costs on the grounds stated.

The decision rendered by Mr. Justice McADAM, on which the order above referred to was made, is as follows: "McADAM, J.—Although the interest advertised to be sold by the receiver is not the income of the trust fund (35 *N. Y.* 361; *Gerard on Titles,* 2nd ed. 282, *et seq.*), yet he owes a duty to the debtor as well as to the creditor, and cannot sell to satisfy a small judgment, all of the debtor's right, title and interest to the $20,000 which becomes payable on the widow's death. If the right to the money can be anticipated, the more appropriate remedy (if one be needed) is by bill in equity to make the judgment a specific charge upon the fund (see *Code,* § 2461; 70 *N. Y.* 270; 19 *Hun,* 337). Motion to continue stay granted without costs." On the re-argument, before Judge HYATT, the same decision was rendered and on an appeal taken from his order (after the decision in The People *ex rel.* Sanders *v.* McAdam), the order so made was affirmed.