## MORRISON *v.* PRESS PUB. CO.

*(Superior Court of New York City, General Term.   April 16, 1891.)*

**1. LIBEL—EXEMPLARY DAMAGES.**

Exemplary damages may be recovered for a libel on the ground of malice inferred from the fact of libel, even though there was no actual malice in the sense of spite or ill will or revenge.   This is not inconsistent with recklessness and indifference to the right of the plaintiff, and intentional disregard of the consequences of the libel.

**2. SAME—EVIDENCE—FORMER PUBLICATIONS.**

At the trial of an action for libel against the proprietor of a newspaper in which it was published, the composer of the libelous article testified that other articles that had appeared in the same paper were written by him.   Those articles contained references to plaintiff, showing that the witness had easy means of ascertaining from him the truth of the matters contained in the libel.   *Held*, that the articles were admissible in evidence on the question of malice.

**3. SAME—EVIDENCE OF REPUTATION.**

Where the testimony of witnesses as to their knowledge of the reputation of a party is sufficient at least to make its credibility a question for the jury, they may be allowed to testify thereto.

**4. WITNESS—CROSS-EXAMINATION.**

A witness, having testified to the good general reputation of a party before a certain date, was allowed on cross-examination to testify that he had heard at that time stories derogatory to such party.   *Held*, that a refusal to allow him to speak as to such stories subsequent to that time was proper, that being no part of a cross-examination.

**5. LIBEL—EVIDENCE IN JUSTIFICATION.**

Defendant in an action for libel offered to show in mitigation of damages the publication, some four years prior to the alleged libel, of an affidavit making charges against plaintiff.   *Held*, that evidence thereof was not admissible as tending to rebut the presumption of malice, it not being shown that defendant was aware of the affidavit at the time of publication of the libel; nor as tending to show that the damage suffered by plaintiff was not necessarily attributable to defendant's act.   Per TRUAX, J.

**6. SAME—DAMAGES.**

In an action for libel in publishing a statement that plaintiff was charged with certain offenses, a request for an instruction to the jury that they can award only such damages as would result from the publication that plaintiff was charged with the offenses, and not with such damages as might flow from the publication of a statement that he was guilty of the charges, is properly refused.   Defendant cannot escape responsibility by showing that the libeling was done on the authority of another.   Per TRUAX, J.

Appeal from trial term.

Action by John Morrison against the Press Publishing Company.   Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Lowrey, Stone & Auerbach,* for appellant.   *Joshua M. Fiero,* for respondent.

SEDGWICK, C. J.   Several of the exceptions taken upon the trial were too general in form to be valid or to admit of review.   The others will be examined.   The action was for damages from libel.   The court charged that there was malice in the libel, and to this the defendants excepted.   The libel contained such matter as this: That "a woman, pointing her finger at Morrison, said with much feeling: 'That man could not violate my sister's honor.

Had her black listed in the factory; and she a widow with five children.'"
As this was false, and published without justification, it was malicious; and
the malice, which is inferred from such a publication, is malice in fact, or
actual malice.   There was an exception in the following words: "I except to
what the court said with regard to the exemplary damages in this case, espe-
cially in view of the fact that the court held that there was no actual malice
proven."   The court thereupon said: "As I define actual malice."   The part
of the charge that referred to actual malice as defined by the court was: "But
as a definition of what the counsel intend to convey by actual malice   *   *   *
is that the defendant was not actuated by any spiteful or revengeful feelings;
that he had at the time no particular feeling of ill will towards this plaintiff
when making the publication.   There does not seem to be evidence in the case
which would warrant that.   The proof of malice in the case, and the proof
upon which malice rests, is the proof of the fact of the libelous publication
itself.   That is, of course, evidence of malice; and, as it is admitted to have
been made, malice is proven."   The falsity of the libel is sufficient proof of
malice to uphold exemplary damages, and plaintiff's right to recover them is
in the discretion of the jury.   *Bergmann* v. *Jones*, 94 N. Y. 51.   In that case a
charge was upheld "that in an action of libel the plaintiff gives evidence of
malice whenever he proves the falseness of the libel; that it is then a ques-
tion for the jury to say whether it is of such a character as to call for punitive
or exemplary damages; and that the question is not taken from them because
the defendant gives evidence which tends to show that there was in fact no
actual malice."   In *Samuels* v. *Association*, 75 N. Y. 604, there was an ap-
proval of the law, as given in the dissenting opinion in the same case, 9 Hun,
288.   That case avers that upon proof of the falsity of the libel the plaintiff
is entitled to exemplary damages in the discretion of the jury.   But when the
defendant gives evidence tending to prove the absence of actual malice, then
the jury should pass upon the question as one of fact whether such malice ex-
isted in the publication.   Of course, the meaning of this is that if the defend-
ant gives evidence tending to disprove entirely the malice, which is presumed
from the fact of the libel to have existed, there should be no exemplary dam-
ages.   This result does not follow if the evidence tends to disprove only a
part of the malice which is presumed.   There will be left that malice, which
the jury may think calls for exemplary damages.   In the present case the
court held that there was no actual malice in the sense of spite or ill will or
revenge.   This, however, was not inconsistent with recklessness and indiffer-
ence to the right of the plaintiff, an intentional disregard of the consequences
of the libel.   *Voltz* v. *Blackmar*, 64 N. Y. 444; *Millard* v. *Brown*, 35 N. Y.
297.   The doing of any act without just cause, or a wrongful act purposely
done, is malicious.   As the presumed existence of malice of this kind re-
mained, the defendant had not an exemption from liability to exemplary dam-
age.   Accordingly the court, after charging that there could be no damage on
account of defendant's ill will or spite to plaintiff, was correct in saying:
"You may give him, in addition, as exemplary damages, such an amount
as you deem proper and warranted by the evidence.   The exception should
be overruled."

The composer of the libelous article was a witness for defendant.   He was
allowed to testify that two other articles that had appeared in the same news-
paper that contained the libel were composed by him.   And these articles
were admitted in evidence.   There was no error in this.   They contained
nothing that was likely in itself to bias the jury against the defendant, or to
distract their attention from the issue; and they did contain references to the
plaintiff, which showed that the witness knew him, and had easy means of
ascertaining from him the truth of the matters contained in the libel.   As
recklessness and indifference to rights were elements of malice, the court was
correct in admitting the articles as relevant to the question of malice.   The

testimony of witnesses Levy and Mallane as to their knowledge of plaintiff's reputation was such that it was at least a question of fact for the jury whether they knew that reputation, and their testimony as to it was admissible.  A witness of plaintiff testified as to the good general reputation of the plaintiff before 19th February, 1888.  On cross-examination he was allowed to testify as to his hearing at the time referred to stories derogatory to the plaintiff. He was not allowed to speak as to stories subsequent to that time.  It was not a part of a cross-examination, and the defendant had no right, as a part of a defense, to prove the matters inquired into.  The judgment and order are affirmed, with costs.

TRUAX, J., (*concurring.*)  The defendant attempted to show in mitigation of damages that some years prior to the publication of the alleged libel by the defendant an affidavit charging the plaintiff with having circulated stories concerning the chastity of women employed in a certain carpet factory was published in another newspaper in the city of New York.  In one instance the attempt was made by asking the plaintiff on cross-examination if a certain affidavit (the affidavit above referred to) did not charge him with having circulated stories concerning the chastity of girls in a carpet factory. This question was ruled out, and the defendant excepted.  The exception was not well taken.  The evidence sought to be elicited was not the best evidence of the contents of the affidavit, nor was this the proper way of proving that plaintiff had circulated such stories, if that fact were material to the issue, nor did this evidence tend to rebut the presumption of malice on the part of the defendant, for there is nothing to show that defendant was aware of the affidavit at the time it published the libel concerning the plaintiff, (*Hatfield* v. *Lasher*, 81 N. Y. 246;) nor was it proper to show that other persons had, before the publication of the libel by the defendant, published and circulated libelous statements concerning the plaintiff.  In the first place, the publication alluded to was made some four years prior to that of the defendant, and the fact that such a publication had been made did not tend to show that the damage suffered by plaintiff by the publication of the libel by the defendant was not necessarily attributable to the act of the defendant; and it is not the law in this state that the defendant in an action for libel can show that the plaintiff's reputation was so bad that defendant's libel did not injure it.  Id. 250, and cases there cited; *Prescott* v. *Tousey*, 50 N. Y. Super. Ct. 12.  On the trial the court asked a witness what plaintiff's reputation in the community in which he, the plaintiff, resided, was, and the witness answered that among laboring men with whom he, the witness, associated, plaintiff's reputation was bad.  This answer was stricken out as not responsive, and defendant excepted.  The answer was not responsive, and it was not error for the court to strike it out.  But, even if it was error, the error was cured, for immediately afterwards, in answer to another question, the witness said that plaintiff's general reputation in the community was bad.  The defendant called witnesses to show that plaintiff's general reputation at the time the libel was published by the defendant was bad.  The plaintiff, in rebuttal, called witnesses to show that at the time of such publication his general reputation was good.  On cross-examination one of these witnesses said that he had heard among laboring people and members of laboring organizations (the plaintiff was prominent in labor organizations) stories derogatory to plaintiff's character.  The witness was then asked what these stories were generally.  This question was ruled out, and the defendant excepted.  No error was committed.  It may be that defendant would have had the right to show what plaintiff's reputation was, but it is doubtful if it had the right to show what his character was.  It is also to be noticed that the question applied to stories affecting the character of the plaintiff, told as well after the publication of the alleged libel as before, while the wit-

ness on the direct examination had limited his testimony to the plaintiff's reputation at the time of the publication of the alleged libel. There were two other exceptions to rulings of a like kind, but for the reason last stated they were not well taken.

The trial judge charged that there was malice in the publication, and to this the defendant excepted; but the judge also charged that the evidence would not warrant the jury in finding that there was actual malice towards the plaintiff; that in publishing this article, which was libelous, the law infers malice,—that is, malice in law existed. He then defined actual malice, as distinct from malice in law, to be such malice as attached to an act when committed by a revengeful or spiteful disposition. This was in effect charging that, while there was no actual malice shown, still the jury could infer malice from the mere fact of the publication of such a libel. It was not error so to charge. In this case malice was proved when the publication was proved. *Fry* v. *Bennett*, 5 Sandf. 54. This court declared in the case above cited that when a publication was libelous upon its face the law implied that it was published with a malicious intent, and that malice in such cases is a conclusion of law which the plaintiff is not required to prove, and which the defendant is not allowed to deny. Under the authority of this case it would have been error for the trial judge to submit the question of the defendant's malice to the jury, and the fact that the trial judge charged that there was no proof of actual malice is immaterial. What the trial judge meant was that there was no proof of malice outside of the malice that the law inferred from the mere fact of the publication of the libel, and for this malice in law the jury might, under the *Samuels Case*, award exemplary damages. The defendant gave no evidence that tended to show that there was in fact no actual malice; but, even if it had given such evidence, the trial judge did not err in charging not that the jury must, but that it might, give exemplary damages. The case was one within the rule laid down by Judge DAVIS in *Samuels* v. *Evening Mail Ass'n*, 9 Hun, 288, entitling the plaintiff to exemplary damages. The publication was grossly libelous, was negligently and recklessly made, and made without any regard to the rights of the plaintiff.

The last alleged error to which our attention has been called by counsel for defendant relates to a request of the defendant to charge that in fixing the amount of damages to be awarded the plaintiff the jury must bear in mind that the defendant did not publish any statement that the plaintiff was guilty of the charges which were said to have been made against him, but merely that he was charged with certain offenses; and they can award only such damages as would result from the publication that Morrison had been charged with the offenses, and not with such damages as might flow from the publication of a statement that Morrison was guilty of the charges. It was not error for the judge to refuse to charge as requested. The defendant cannot escape responsibility for libeling plaintiff by showing that the libeling was done on the authority of some other individual. *Dole* v. *Lyon*, 10 Johns. 447. The judgment and order appealed from are affirmed, with costs.