headnote of the reporter is not justified by the actual decision. In fact the point was not actually decided at all, notwithstanding the remarks thereon in the opinion. The dismissal of the complaint by the trial judge for lack of such allegation was reversed. The suggestion found in the opinion that under a general allegation of the complaint of compliance with all the conditions of the contract to be performed by the plaintiff, he may not prove that he did all that he was required to do, and show actions of the defendant preventing or excusing full execution of a condition, or amounting to a waiver, was not necessarily involved in the actual decision of the court; and I suppose I may with full respect say is contrary to what has long been the understanding of bench and bar, as well as to the decision in Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522, and other cases which might be cited. Reference to the cases cited in the said opinion will show that no such question was decided or even mooted in any of them, and that they related to proof, not to pleading; except the case of Oakley v. Morton, 11 N. Y. 25, which arose before the change of the common-law rule of pleading by statute (Code Proc. § 162; Code Civ. Proc. § 533) was made.

Judgment for the plaintiff.

---

(24 Misc. Rep. 238.)

### REMSON v. BRYANT et al.

(Supreme Court, Trial Term, Queens County. July, 1898.)

1. LIBEL—EVIDENCE OF FALSITY.

　　In an action for damages for an unprivileged slander or libel, it is not for the plaintiff to give evidence of its falsity, unless in rebuttal where the defendant has pleaded the truth as a defense, and introduced evidence thereof. On the contrary, the law presumes it to be false.

2. SAME—PRIVILEGED COMMUNICATIONS.

　　It is only in the case of a qualifiedly privileged utterance or publication that the plaintiff may prove its falsity, and that in order to show malice in the defendant, which in such a case is a necessary ingredient of the cause of action, while in the case of unprivileged slander or libel it is not.

3. SAME—EVIDENCE OF MALICE.

　　The statement sometimes made that "the plaintiff in an action for libel gives evidence of malice whenever he proves the falsity of the libel," is inadvertent when applied to unprivileged slander or libel. It has relation only to cases of qualified privilege.

4. SAME—DAMAGES.

　　The actual damage to the plaintiff cannot be whittled down or mitigated by proof of lack of malice in the defendant in actions of tort. It is only smart money damage that can be mitigated or prevented by such proof.

Action by Isaac B. Remson against William C. Bryant and others. Verdict for six cents for plaintiff. Motion to set aside. Granted.

C. V. Washburn, for plaintiff.

G. H. Fisher, for defendants.

GAYNOR, J. The substance of the defamatory publication is that the "language and actions" of the plaintiff, a layman, in preaching at revival meetings to the Methodist congregation of the village of St. James at their place of worship was so "reprehensible" that it provoked

a noisy crowd to surround him as he was about to get into his wagon at the close of one of the said meetings to go away from the said village to his home, and pelt him with both fresh and stale eggs, and thus drive him away from the place.

The defendants pleaded the truth in defense; but suffice it to say that they failed to produce any evidence whatever of its truth and that there was not even a scintilla of truth in it. It was an invention. Nevertheless for this mortifying and gross outrage upon him the jury gave the plaintiff a verdict of only six cents. That it was the result of prejudice or else of a disregard of law and order by the jury is manifest. The verdict practically outlaws the plaintiff for no reason which appeared upon the trial. If such verdicts should be allowed to stand they would furnish some excuse for persons who are the victims of them to take the law into their own hands.

The suggestion that the verdict was caused and is justified because the plaintiff did not go upon the witness stand has no merit or foundation. There was nothing for the plaintiff to go on the stand for. His counsel tried the case properly. He put the libel in evidence and rested. That is all he could do. It was not for the plaintiff to become a witness to prove it was false. On the contrary, the law presumed it to be false and it was for the defendant to prove it true. It is never for the plaintiff to give evidence in chief of the falsity of a slander or libel except in the rare case of qualifiedly privileged utterances or publications. There malice in the defendant is an essential ingredient of the cause of action, and the falsity of the defamatory matter may be proved by the plaintiff in order to show such malice and thereby defeat the privilege. I am aware that it has been inadvertently said in an action where there was no privilege that "the plaintiff in an action for libel gives evidence of malice whenever he proves the falsity of the libel" (Samuels v. Association, 75 N. Y. 604), and that this has been quite often inadvertently repeated as though it was for the plaintiff to do so (McFadden v. Association, 28 App. Div. 517, 51 N. Y. Supp. 275). In the case of an unprivileged utterance or publication of defamatory matter, the law presumes it to be false, and unless the defendant pleads and proves the truth as a defense such presumption stands absolute. What a strange thing then it would be to say to a plaintiff, "Yes, the law presumes this defamatory matter to be false, but nevertheless you must or may prove it to be false in order to show malice." It would be strange for a trial judge to permit him to prove it false, when it already stands as false, if any counsel could be so strange as to offer to do so. Malice is not an essential ingredient of the cause of action in the case of an unprivileged slander or libel. In such a case the plaintiff has a right to recover his actual damage regardless of the motive of the defendant, and even though the publication was inadvertent or in absolute good faith. A charge to the jury that if they found no malice the verdict must be for the defendant would be erroneous. There is no such issue of fact. On the contrary, in the case of a slander or libel per se, if the defendant has not pleaded and proved the truth as a defense, the court has always to direct a verdict for the plaintiff, leaving only the assessment of damages to the jury. Malice has nothing to do with the question whether the plaintiff shall recover his actual damage

in the case of an unprivileged slander or libel, but only with the question of whether smart money shall be added. The plaintiff may never be properly permitted to give evidence of the falsity of the defamatory matter unless in rebuttal of evidence of its truth. Prince v. Daily Eagle, 16 Misc. Rep. 186, 37 N. Y. Supp. 250; Ullrich v. Press Co., 23 Misc. Rep. 168, 50 N. Y. Supp. 788; Shanks v. Stumpf, 23 Misc. Rep. 264, 51 N. Y. Supp. 154; Cady v. Publishing Co., 23 Misc. Rep. 409, 51 N. Y. Supp. 198. Nor can the actual damage to the plaintiff be whittled down or mitigated by proof of lack of malice in the defendant in actions of tort. It is only the smart money that can be mitigated or prevented by such proof. Millard v. Brown, 35 N. Y. 297.

If I were to go away from this term of court allowing this verdict to stand I should feel that I was not only a party to a gross wrong to the plaintiff, but to a violation of the law and order of the county. The plaintiff is entitled to the protection of the laws. That he is a preaching layman should not excite prejudice against him. Jesus whom he follows and teaches was also only a layman, and taught and exhorted the poor and the humble by the wayside and in the fields. Neither would the courts of His day give Him a fair trial from prejudice. In that respect the world seems not to have advanced much since.

The motion for a new trial is granted.